**SNOW et al. v. BOSTROM et al.** (No. 8354.)

Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1929.

Seabury, George & Taylor, of Brownsville, and A. B. Crane, of Raymondville, for appellants.

Robt. Kirkpatrick, of Mercedes, for appellees.

SMITH, J. This is an injunction proceeding growing out of the adjudication of certain costs taxed by the clerk of the trial court in an election contest in Willacy county, now on appeal in this court under the cause herein styled Roger Robinson, County Attorney, v. C. Bostrom et al., 21 S.W.(2d) 580, and numbered 8330 on the docket of this court. The item of costs in dispute is for the sum of $457.62, taxed as fees of witnesses attending upon the trial below. It appears that, in the judgment rendered in the principal proceeding in the trial court, there was no adjudication of the costs incurred therein; that the clerk below taxed all costs, including the item mentioned, against the contestants, the losing parties, who paid all said costs so taxed, except the item mentioned, which they refused to pay; that the clerk thereupon issued execution for said item and placed it in

the hands of the sheriff, who levied upon some of the personal property of one of the contestants, and threatens to levy upon other property of the contestants; that contestants in due course filed a motion in the trial court to retax the costs, and to exclude said item therefrom, which said motion is still pending in the court below. Pending disposition of the motion to retax and alleging the purpose of the sheriff to sell the property of contestants already seized and to seize and sell other property of contestants, the latter filed their petition with the trial judge praying that their motion to retax be granted, and, in the meantime, for a temporary injunction restraining the clerk and sheriff from proceeding with the forced collection of said item of costs from contestants. The temporary injunction was granted as prayed for, and the officers restrained have appealed.

We conclude that the trial judge was acting well within his discretion in entering the order appealed from. The matter of taxing the costs was one for the trial judge to adjudicate, and a motion to retax was the proper method of invoking the exercise of that power. Such motion being filed, and before the court, it was proper that the restraining order issue pending that adjudication, and thus preserve the status quo of the subject-matter until that adjudication was regularly made.

The judgment is affirmed.