**DUDDLESTEN 'et al. v. ROBINSON, Co. Atty.**
**No. 8577.**

Court of Civil Appeals of Texas. San Antonio.
Nov. 12, 1930.

Robert E. Kirkpatrick, of Mercedes, and W. H. Crowell, of Raymondville, for appellants.

Jesse G. Foster and R. F. Robinson, both of Raymondville, for appellee.

SMITH, J.

This appeal is from a judgment of the district court of Willacy county declaring valid an election held in road district No. 4 of said county, authorizing the issuance of bonds in the sum of $100,000 for public road purposes. The action was brought in the nature of a contest of said election, and was instituted and prosecuted by Karl H. Duddlesten and two other property taxpayers in said district against Roger Robinson, county attorney of the county. From an adverse judgment, Duddlesten and his associates have brought this appeal.

Appellants present three propositions of law in their brief, but they are abstract and general in their nature; they present no specific questions for determination, are each predicated upon numerous assignments of error which raise a like number of distinct questions, none of which are germane to the propositions. The latter perform none of the offices of propositions of law as required by the rules or good practice; they afford no aid to an appellate court in ascertaining and deciding questions raised in the record.

However, we have nevertheless gone into the record in search of questions therein presented, because of the need of ascertaining and speedily determining and settling a matter of such importance as the validity of elections of the character here involved.

It appears that prior to the creation of the present road district No. 4, here involved, the Commissioners' Court entered orders creating road districts 4 and 5, but no elections were held in those districts and no debts, bonded or otherwise, were created against them. Subsequently, the commissioners' court decided that said districts could be more advantageously arranged, territorially, in the public interest, and with that in view the court, through regular proceedings, set aside its previous orders creating said districts. This accomplished, the court then regularly proceeded in the manner provided by statute to lay out and establish said districts by a different arrangement of the boundaries thereof. Now, appellants contend that this process was beyond the power of the commissioners' court; that the districts having been once created to embrace defined territories, they became fixed political subdivisions which

could not be abandoned or redefined. We overrule this contention. The matter of establishing such political subdivisions is a function of the commissioners' court, to be exercised in their discretion as trustees for the public. So long as such districts, once created, have not functioned as such for any purpose, and no debts or other obligations have been charged to them, the commissioners' court may set aside its orders establishing such districts, and may incorporate the abandoned territories into such new districts as they deem proper to create. This procedure was properly followed in this case.

■■ In establishing district 4 and ordering and holding the bond election therein, the commissioners' court tracked the course so carefully and minutely prescribed by statute, with but one irregularity, now to be noticed. In the notice of election the district was minutely described, both by number and by meticulously defined metes and bounds. Throughout the notice the number of the district was repeatedly and correctly described as "Willacy County Road District Number (Four) 4." But in one isolated clause of the lengthy notice the number of the district was erroneously designated by the numeral "5," instead of "(Four) 4," as in all other of the many references to the number. The error in the isolated instance was obviously and purely clerical, by which no person intelligent enough to read the notice, or vote, could possibly be misled. The record discloses that none was so misled, and appellants' complaint thereat is without merit. The statute simply provides that such notices shall describe the district by "its name and number," and by its boundaries. Article 729, R. S. 1925. This requirement was fully met in the notice in question, and the isolated clerical error as to the number was immaterial when it occurred in the midst of oft-repeated and correctly given numbers, fortified by all the other correct descriptions, including accurately set up metes and bounds of the clearly defined territory. No one in the district refrained from voting on account of this clerical error, and no one without the right voted on account of it. Besides, this question cannot properly be raised and decided in an election contest. E. A. Warren v. Roger Robinson (No. 8578) 32 S.W. (2d) 871, this day decided by this court.

■ Under their third proposition appellants complain of the action of the court in excluding the ballots of certain persons alleged to have voted against the bond issue, and of admitting the ballots of certain others alleged to have voted for the bond issue. These alleged rulings of the court are not shown by bill of exceptions or otherwise in the record, and the assignments of error raising those questions cannot be considered. The only way by which exceptions to such rulings may be preserved for consideration on appeal is by bill of exceptions, as a matter of course. So far as the record shows, without such bills, the trial court may have considered the ballots offered by appellants, and rejected those offered by contestee.

■ Under the third proposition appellants also complain of the ruling of the court upon certain exceptions urged by appellee to appellants' petition. But as none of the exceptions or the pleadings in relation thereto are set out in appellants' brief, this court is unable to pass upon the proposition. However, we have considered the trial court's rulings in this respect, and see no reversible error in them.

It is evident from the whole record that the cause was fairly tried and disposed of below, and the judgment will be affirmed.