## WARREN et al. v. ROBINSON, Co. Atty.
### No. 8578.

Court of Civil Appeals of Texas. San Antonio.
Nov. 12, 1930.

Rehearing Denied Nov. 12, 1930.

R. E. Kirkpatrick, of Mercedes, and W. H. Crowell, of Raymondville, for appellants.

Jesse G. Foster and R. F. Robinson, both of Raymondville, for appellee.

FLY, C. J.

This is a suit instituted by E. A. Warren, John H. Prator, and F. L. Bernard against appellee, to contest an issue of bonds in road district No. 5 in Willacy county. The appellee interposed a general demurrer and fourteen special exceptions to the petition. The general demurrer was overruled, but the court sustained eight of the special exceptions, and appellants announced that, due to the ruling of the court on said exceptions, they could not further prosecute their cause of action. The court then declared the election valid, and rendered judgment against appellants for all costs of suit. A bill of exceptions to the action of the court on the special exceptions is found in the record, and eleven assignments of error are copied. The petition is styled "Contestants' Statement of the Grounds for the Contest."

In contesting an election, no fact is admissible unless it be directly connected with matters occurring on the day of election. No issue as to the acts of the commissioners' court can be considered, nor can the validity of the formation of the district be questioned. As said in McCall v. Lewis (Tex. Civ. App.) 263 S. W. 325, 327: "The statutes relating to contests of an election do not authorize such contest upon the ground that the law under which the election was held was void, or that it did not authorize such an election as was held; but the contest must be based upon some ground or grounds provided in the statutes tending to establish that the election was not properly ordered as to form, or fairly conducted, or that illegal votes were cast, or upon some other act which in itself would impeach the fairness of the results of said election. It is not contended by appellees that the petition for, or the judge's order granting, the election were void or irregular because of any defect in themselves; or that the mode and manner in which the same were acted upon and granted in any way impeached the fairness of the election held; but merely that the statutes under which the election was held did not authorize the same, rendering it void. To set aside an election and declare it to be void because not authorized by law, it seems that the proper procedure would be an injunction to prevent its enforcement, as the statutes providing for contests of elections do not specify such as a ground of contest; and since an election contest is not a civil suit and cannot, therefore, be tried by methods prescribed in civil suits, but must proceed in conformity with statutes authorizing such contest, the court's judgment is clearly erroneous."

The legality of a political subdivision of a county cannot be assailed in an election contest or any other collateral proceeding. Such attacks are amply provided for in proper proceedings. Allegations as to the bounds of the district or any attack upon the formation of the district were properly stricken from the petition. Trimmier v. Carlton (Tex. Civ. App.) 264 S. W. 253; Bassel v. Shanklin (Tex. Civ. App.) 183 S. W. 105. In Turner v. Allen (Tex. Civ. App.) 254 S. W. 630, 636, the court said: "In a contested election proceeding, only such matters as happen on the day of election and pertain strictly to the election may be inquired into or determined

by the district court, and, under this rule of law, the action of the commissioners' court in changing the boundaries of commissioner's precinct No. 4, as they did, could not be inquired into or considered by the trial court."

The second proposition presents error in sustaining exception as to allegations that certain voters had not paid for their poll tax receipts, but that they had been paid for by others. The law does not render poll tax receipts paid by others than the voters invalid, and the qualified voter has the right to vote regardless of how he may have obtained the receipt, if he was qualified under the law to obtain a receipt. The disqualification must attach to the voter himself, and, when in possession of poll tax receipt, he has the right to vote. There is no such intimation in the statute. This court has definitely decided this matter, although the decision thereon was not definitely required in the case. The decision is correct however. Artilce 2961, R. S.; Wallis v. Williams, 50 Tex. Civ. App. 623, 110 S. W. 785; Snow v. Bostrom (Tex. Civ. App.) 21 S. W. (2d) 582.

The only provisions as to residence in the election law is that the voter must have resided in the state for one year and in the county where the election is held for six months preceding the election, and yet it is insisted that, when the election is in any subdivision of the county, six months' residence in the subdivision is required by law. Directly the contrary is provided in article 2955, Rev. Stats., as follows: "In any election held only in a subdivision of a county for the purpose of determining any local question or proposition affecting only such subdivision of the county, then in addition to the foregoing qualifications, the voter must have resided in said county for six months next preceding such election."

The third proposition is overruled.

The fourth proposition is general and multifarious and should not be considered. It may be said, however, that none of the allegations of the petition assailed by the special exceptions were sufficient to show any fraud or irregularity that would invalidate the election. Proof of every allegation made by appellants would not have justified the court in setting the election aside. Some of the allegations were as to trivial and immaterial matters; none of them were of such importance as justify a court to set aside the wishes of the electorate of the district as expressed by the ballot.

This case is sui generis, in so far as we know in this state, in that it appears that the general demurrer was overruled, and yet when some of the special exceptions were sustained appellants failed to amend and refused to further proceed with the prosecution of the cause. It is often the case that, when a general demurrer is sustained, which in effect declares that no cause of action has been pleaded, the plaintiff will decline to amend and prosecutes an appeal, but not so when special exceptions have been sustained to parts of the petition. This may be permissible under Texas practice, but, if so, this appeal seems to be a pioneer along these lines.

The judgment is affirmed.