

# THE ATTORNEY GENERAL
# OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 7, 1939

Honorable A. M. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Opinion No. O-339

Re: Residential and property qualifications
of elector in school consolidation elec-
tion held under Art. 2806, R.C.S. 1925.

Dear Sir:

Under date February 10, 1939, you submitted three questions
for our consideration and opinion, involving certain school laws of Texas.
Your third question is not related in subject matter to the first two, and
for that reason will be answered in a separate opinion. Your first two ques-
tions, which may be logically grouped in this opinion, are as follows:

"1. Is it necessary for a voter to be a property owner if
he is otherwise qualified to vote in a school consolidation elec-
tion?

"2. What is the time required to satisfy residence re-
quirement to qualify a voter to vote in a school consolidation
election?"

Article 2806, Revised Civil Statutes, governs the conditions,
mode and manner of holding elections for the consolidation of several con-
tiguous common school districts or independent school districts, such as
involved in the two foregoing questions. But this governing statute is silent
as to the property-holding and residential qualifications of electors in such
school consolidation elections, and we must, consequently, turn to the suf-
frage requirements and provisions written into the Organic Law and the gen-
eral statutes thereunder.

We shall, of course, assume that the persons offering to vote
in these school consolidation elections do not fall within the five classes to
which suffrange is denied under Article 6, Section 1, Constitution of Texas,
and that such persons are in all things qualified electors under the Constitu-
tion and statutes generally, except insofar as their right to vote might be af-
fected by the property-owning and residential qualifications involved in your
questions.

qualifications of a voter in school consolidation elections, we find that this question is made to turn, by the controlling constitutional provision and statutes declaratory thereof, upon the question of whether such school consolidation election is "for the purpose of issuing bonds or otherwise lending credit, or credit, or expending money or assuming any debt," upon the part of such school district or political subdivision, within the meaning and intendment of Section 3a, Article 6, Constitution of Texas, which reads as follows:

> "When an election is held by any county, or any number of counties, or any political sub-division of the State, or any political sub-division of a county, or any defined district now or hereafter to be described and defined within the State and which may or may not include towns, villages or municipal corporations, or any city, town or village, for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political sub-division, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence."

Prior to the adoption of the foregoing amendment to the Constitution of Texas on November 8, 1932, there were no express property-holding requirements for voters in elections involving the issuance of bonds, the levy of taxes, etc. in school districts and other defined districts and political subdivisions, but only property requirements for such elections in incorporated cities and towns, under Section 3, Article 6, Constitution of Texas.

Article 2955a, Vernon's Annotated Civil Statutes, is merely declaratory of Section 3a, Article 6, Constitution of Texas, and in fact follows the above-quoted language of such constitutional provision word for word.

Section 3a, Article 6, Constitution of Texas, was construed by the Court of Civil Appeals at El Paso in the case of O'Brien, et al, v. Snelson, et al, 82 S.W.(2) 679, insofar as same governs the qualifications of electors in school consolidation elections under Article 2806, Revised Civil Statutes. The court held that the right to vote in such elections was not limited to electors owning taxable property, which had been duly rendered for taxation, since such election did not involve "lending credit or expending money or assuming any debt" within this constitutional provision limiting right to vote to such electors, inasmuch as the election did not involve assumption by consolidated district of outstanding bonds of the old district, and another election would be required to determine whether taxes should be levied for consolidated district.

The constitutional and statutory provisions above adverted to and the decision of the Court of Civil Appeals thereunder, conclusively point to a negative answer to your first question. But to avoid confusion and to properly limit this opinion, we stress that such negative answer proceeds upon the assumption that the school consolidation election under inquiry, like that involved in the case discussed above, is for the purpose only of voting a consolidation of school districts and does not embrace a vote on the assumption of outstanding bonds or the levy of taxes. Because, in this connection, we find that Article 2807, Revised Civil Statutes, allows the question of the assumption of outstanding bonds of an old school district and levy of taxes therefor, to be submitted to the voters, along with the question of the proposed consolidation of such school districts, all in the same election. While your letter does not so indicate, should the fact be that the election in question is for the twofold purpose of voting on the question of consolidation and upon the question of assumption of bonds and levy of taxes, as permitted by Article 2807, Revised Civil Statutes, then we would be constrained to answer your question in the affirmative.

Turning now to your second inquiry, we find that same is likewise foreclosed by the Constitution and statutes, and the authorities thereunder. Section 2, Article 6, Constitution of Texas, fixes the residential qualifications and requirements of electors generally, as follows:

"Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector; . . . "

Although this constitutional provision is self-enacting, the Legislature, by Article 2955, Revised Civil Statutes, fixed residential requirements for qualified electors in identical language, but added this further provision:

" . . . In any election held only in a subdivision of a county for the purpose of determining any local question or proposition affection only such subdivision of the county, then in addition to the foregoing qualifications, the voter must have resided in said county for six months next preceding such election . . . "

Although there are certain constitutional and statutory provisions requiring an elector to vote in the election precinct of his residence,

there is no required length of time for such residence as a qualification for voting. The only requirements for length of residence as qualifications for suffrage have been hereinabove quoted, and we see they apply only to the State, district and county and not to precincts, political subdivisions or defined districts.

This construction is sustained in the case of Warren, et al v. Robinson, 32 S. W. 2d 871, involving a road district bond election, wherein the court overruled the contention that since the election was held only in a subdivision of a county, six months residence in such subdivision was required by law.

Our answer to your second question, therefore, is that an elector otherwise qualified, may vote in a school consolidation election, under Article 2806, Revised Civil Statutes, if he shall have resided in this State one year and in the county wherein such school districts lie, for six months next preceding such election.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/ Pat M. Neff, Jr.
            Pat M. Neff, Jr.
            Assistant

PMN:N:da

APPROVED

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS