## SHAW v. TAYLOR.

No. 3783.

Court of Civil Appeals of Texas. Beaumont.

Dec. 19, 1940.

E. J. McLeroy and E. J. McLeroy, Jr., both of Center, for appellant.

E. B. Lewis, of Center, and Long & Strong, of Carthage, for appellee.

WALKER, Chief Justice.

This was an action in district court of Shelby county by appellant, W. B. Shaw, describing himself as "plaintiff and contestant," against appellee, J. C. Taylor, described as "defendant and contestee." Appellant's prayer was that he have judgment "declaring him to be the duly and legally elected school trustee for Fellowship Common School District No. 72, Shelby County," and that the certificate of election issued to appellee "be cancelled, rescinded and held for naught." On trial to the court without a jury, judgment was

that appellant "take nothing," from which he has duly prosecuted his appeal to this court.

In support of the judgment, the trial court filed the following conclusions of fact and law, all having support in the pleadings of the parties; the conclusions accurately state the nature and contents of appellant's petition and of appellee's answer:

"Findings of Fact

"1. I find that pursuant to legal notice and in accordance with law there was held in the Fellowship Common School District No. 72 on April 6, 1940, an election for the purpose of electing one Trustee for said district, the results of the election ascertained and returns duly made to the proper officials.

"2. I find that at said election only 92 votes in all were cast, of which the contestant, W. B. Shaw, received 44 votes, contestee, J. C. Taylor, received 45 votes, and Ray Dickerson received 3 votes, which facts are reflected by the returns made by the election officers.

"3. I find that the returns of said election were canvassed by the Commissioners Court of Shelby County, Texas, on April 16, 1940, and that J. C. Taylor was by it declared to be elected; and that J. C. Taylor has qualified by taking the oath of office prescribed by law.

"4. I find that W. B. Shaw filed his contest on April 17, 1940, alleging and claiming that Leonard Brown and Mrs. Leonard Brown, who voted in said election for J. C. Taylor were not legally qualified voters in said election by reason of the fact that they did not reside in Fellowship Common School District No. 72, and further alleging that Harvey Williams and his wife, Mrs. Harvey Williams, who voted in said election and voted for contestee, J. C. Taylor, were not legally qualified voters to vote in said election by reason of the fact that they did not reside in said Fellowship Common School District No. 72, and that no other grounds of contest were specified.

"5. I find that notice of said contest, together with duplicate original of contestant's petition, was served on J. C. Taylor on April 18th, 1940.

"6. I find that on the 17th day of April, 1940, the Judge of this Court ordered that a special term of this Court be held for the purpose of trying and disposing of this election contest.

"7. I find that no written reply to said contest was delivered to contestant, his agent or attorney or filed by the contestee until April 29, 1940, when he came by his counsel and filed pleas in abatement, and, subject to the action of the Court on said pleas, his answer upon the merits, which answer was filed by leave of the Court, and that a motion by contestant to strike said answer was overruled by the court after a hearing as to the facts.

"8. I find that on April 6, 1940, Leonard Brown and his wife, Mrs. Leonard Brown, did not reside in Fellowship Common School District No. 72 and had not so resided for a long time prior to said date; and that said Leonard Brown and his wife, Mrs. Leonard Brown, voted for and their votes were counted for the contestee, J. C. Taylor.

"9. I find that Harvey Williams and his wife, Mrs. Harvey Williams, on April 6, 1940, were residing outside of Fellowship Common School District No. 72 and within the boundaries of Center Independent School District at Center, Shelby County, Texas; but that their absence from Fellowship Common School District No. 72 was merely temporary absence and that when removing from said District their intention was to be absent temporarily and then to return and continue their actual residence within the boundaries of Fellowship Common School District No. 72 and that said Harvey Williams and his wife, Mrs. Harvey Williams, voted for the contestee, J. C. Taylor, and their votes were counted for him.

"10. I find that in his answer or reply to the contest J. C. Taylor set up and alleged that Vessie Harvey and his wife, Mrs. Vessie Harvey, were permitted to vote in said election, that they voted for W. B. Shaw, that they were not qualified voters in said election because of the fact that they had not resided within the boundaries of Fellowship Common School District No. 72 a sufficient length of time to qualify them to vote in said election.

"11. I find that Vessie Harvey and his wife, Mrs. Vessie Harvey, were permitted to vote in said election, that they cast their votes therein for contestant and said votes were counted for contestant, W. B. Shaw; that they had lived in the State of Texas for more than twelve months and in Shelby County for more than six months prior to the date of the election but had resided outside the boundaries of Fellowship Com-

mon School District No. 72 until November 17, 1939, upon which date they moved into said District with the intention to permanently reside therein and so resided from November 17, 1939, up to April 6, 1940, and thereafter within the boundaries of said Fellowship Common School District No. 72.

"12. I find that both the contestant, W. B. Shaw, and the contestee, J. C. Taylor, were possessed of the qualifications prescribed by law for a trustee of said Common School District on the date of said election and on the date of the canvass of the returns thereof.

### "Conclusions of Law

"1. I conclude that Leonard Brown and his wife, Mrs. Leonard Brown, were not legally qualified to vote in said election.

"2. I conclude that Vessie Harvey and his wife, Mrs. Vessie Harvey, were not legally qualified to vote in said election.

"3. I conclude that Harvey Williams and his wife, Mrs. Harvey Williams, were qualified to vote in said election.

"4. Based upon the foregoing Findings of Fact and Conclusions of Law I conclude that contestant received 42 legal votes and contestee, J. C. Taylor, received 43 legal votes, and that J. C. Taylor is the duly elected and qualified Trustee of said Common School District."

■ Appellee presents his cross assignment of error that the court erred in overruling his plea in abatement, challenging the jurisdiction of the court to entertain appellant's cause of action, on the ground that appellant's only relief was by proceedings in quo warranto. This contention is overruled. Relief by quo warranto is simply a concurrent remedy to appellant's right to maintain this suit for the office of school trustee. 34 Tex.Jur. 624; Public Officers, Sec. 60.

Appellant's only point against the judgment challenges the court's conclusion of law that "Vessie Harvey and his wife, Mrs. Vessie Harvey, were not legally qualified to vote in said election." This conclusion of law was based on the tenth and eleventh conclusions of fact, as copied above. Appellant presents his point by the following proposition: "Voters residing in the State of Texas for more than one year and in Shelby County, Texas, for more than six months are not required to reside in a common school district in said

county for six months preceding the annual trustee election in such school district in order to be eligible to vote in said election, and Vessie Harvey and wife, Mrs. Vessie Harvey, who resided in the State of Texas for more than twelve months before April 6, 1940, and in Shelby County, Texas, more than six months next immediately preceding April 6, 1940, and who moved into Fellowship Common School District No. 72 of Shelby County, Texas, on November 11, 1939, with intentions to permanently reside therein and so resided from November 17, 1939, up to April 6, 1940, and thereafter, within the boundaries of said school district, possessed the residential qualifications to vote in the annual trustee election held in such school district on April 6, 1940."

■ The election of school trustees of common school districts such as Fellowship Common School District No. 72 of Shelby County is controlled by Articles 2745, 2746, 2746a, R.S.1925, Vernon's Ann.Civ.St. arts. 2745–2746a, in all matters covered by these articles. But matters not controlled by these articles of our statutes are regulated by the general provisions of our election laws regulating such matters. Scherz v. Telfer, Tex.Civ.App., 74 S.W.2d 327. The qualification of voters in trustee elections in common school districts are not prescribed by the articles of the statute cited above, nor are such qualifications prescribed by Title 49 of our statutes, "Public Education."

■ The election in issue—the election of a trustee for Fellowship Common School District No. 72—in respect to the qualifications of the participating voters is controlled by the following articles of our general election laws:

Article 2923: "The provisions of this title shall apply to all elections held in this State, except as otherwise provided herein."

Article 2955: "Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one years and who shall be a citizen of the United States, and who shall have resided in this State one year next preceding an election, and the last six months within the district or county in which he or she offers to vote, shall be deemed a qualified elector. * * * In any election held only in a subdivision of a county for the purpose of determining any local question or proposition affecting only such subdivision of the county, then in addition to the foregoing

qualifications, the voter must have resided in said county for six months next preceding such election. The provisions of this article as to casting ballots shall apply to all elections including general, special and primary elections."

Fellowship Common School District No. 72 is a political subdivision of Shelby county, municipal in character and local in interest. The annual trustee election held in this district is a matter affecting only the district. Warren v. Robinson, Tex.Civ. App., 32 S.W.2d 871, 872, seems to us exactly in point, construing Article 2955 as defining the qualifications of voters in matters regulating a subdivision of a county—a question affecting only such subdivision of the county. Writing the opinion of the court, Chief Justice Fly said: "The only provisions as to residence in the election law is that the voter must have resided in the state for one year and in the county where the election is held for six months preceding the election, and yet it is insisted that, when the election is in any subdivision of the county, six months' residence in the subdivision is required by law. Directly the contrary is provided in article 2955, Rev.Stats., as follows: 'In any election held only in a subdivision of a county for the purpose of determining any local question or proposition affecting only such subdivision of the county, then in addition to the foregoing qualifications, the voter must have resided in said county for six months next preceding such election.'" Under the construction given above by Chief Justice Fly to Article 2955, a voter does not have to reside in the subdivision for six months next preceding the election; the statute requires only that he reside in the county for six months next preceding the election. So, on authority of Chief Justice Fly's opinion, it is our conclusion that to be eligible to vote in a trustee election in a common school district the voter need not have resided in that school district for any particular length of time, provided he is a bona fide inhabitant of the district and has resided in the state twelve months and in the county six months next preceding the election.

Little v. State ex rel. Parsell, 75 Tex. 616, 12 S.W. 965, 969, is interestingly in point in the construction of Article 2955: "It is complained that the court erred in the following instruction to the jury, contained in the general charge: 'By the language "who shall have resided in the state

one year next preceding an election, and the last six months in the district or county in which he offers to vote," is meant, at any state or district election a person would be qualified to vote for state or district officers, if he possessed none of the disqualifications mentioned in paragraph 2 of this charge, and had lived one year in the state next preceding such election, and the last six months in the district in which he offered to vote; but at an election held for the purpose of locating a county-seat, and to elect county officers only, the test as to residence, in order to be a qualified elector, would be one year in the state next preceding such election, and the last six months in the county in which he offered to vote.' We think the court correctly interpreted the language quoted in the charge. It is found in section 2, art. 6, of the constitution [Vernon's Ann.St.] In our opinion, it admits of no other reasonable construction. When construed as meaning that a residence of six months in the district should qualify an elector to vote for district officers, we have no difficulty in determining what district is meant. But, if we should say that such residence gives a right to vote for county officers, we should be at a loss to know whether it is the congressional, judicial, senatorial, or legislative districts in which the voter was to reside in order to acquire the qualification. If such had been the intention, the kind of district would have been named, or there would have been some language in the provision indicating some rule by which the question could be determined. Besides, the construction claimed by appellant would render the words 'or county' superfluous; because every county in the state is, and will in all probability continue to be, a part of some district. Since the district includes the county, it was unnecessary to have used the word 'county,' if it had been intended that a residence in the district should give the qualification to vote for county officers." Citing Article 2955, supra, and Warren v. Robinson, supra, 16 Tex.Jur. 46, Elections, Par. 36, announces the following proposition: "It is provided by statute that, in any election held only in a subdivision of a county for the purpose of determining any local question or proposition affecting only such subdivision of the county, then, in addition to the foregoing qualifications, the voter must have resided in the county for six months next preceding the election."

456

From what we have said, it follows that Mr. and Mrs. Vessie Harvey were legally qualified to vote in the election in issue, and since they voted for appellant, on the calculation made by the court in his conclusions of fact, appellant received a plurality of the votes cast. It is therefore ordered that he be declared the duly elected trustee of Fellowship Common School District No. 72, Shelby County, and that the certificate of election granted to appellee be cancelled and held for naught.

Judgment of the lower court in favor of appellee reversed and judgment here rendered for appellant.

Reversed and rendered.