## BAYLOR v. BELL.
### No. 11154.

Court of Civil Appeals of Texas.
San Antonio.
March 25, 1942.

Rehearing Denied April 29, 1942.

Joe Burkett and Raymond Gerhardt, both of San Antonio, for appellant.

L. B. Cooper, of Cotulla, Bruce W. Teagarden, of San Antonio, for appellee.

NORVELL, Justice.

This is an election contest brought by J. W. Baylor against J. R. Bell. Baylor contends that he was elected Commissioner of Precinct No. 3 (Suaz Precinct) of La-Salle County, at the General Election of November 5, 1940.

The contest was tried by the court without a jury and judgment rendered for Bell, the contestee. Findings of fact and conclusions of law were filed by the trial judge.

The election returns showed that Bell received forty-nine votes and Baylor received twenty-one votes at the election in question. In his pleadings, Baylor alleged that thirty-six persons were not legally entitled to vote, but had in fact cast their ballots for Bell.

The trial court's third finding was as follows:

"Contestant offered evidence in regard to certain voters and placed upon the witness stand the following, among others: (1) Eugene Mayes, (2) Ernesto Lopez, (3) Pedro Ramirez, (4) Francisco Gonzales, (5) Antonio Gonzales, (6) Felix Zertucho or Sartucho, (7) Jose Sanchez, (8) Lonjino Gonzales, (9) Domingo Chavarria.

"As to each and all of said parties Contestant failed to show by a preponderance of the evidence that they were illegal voters, but on the contrary, the court finds that each and all of above named persons were single men at said time, usually slept in said precinct No. 3 at night, had no other fixed place of residence and were, in fact, residents of said election precinct."

As Baylor alleged that the nine persons above mentioned voted for Bell and the trial court found that they were legal voters, it follows that unless said finding can be set aside the judgment of the trial court must necessarily be affirmed, as these nine challenged votes when added to the thirteen unchallenged votes cast for Bell would give him twenty-two votes as against Baylor's twenty-one votes.

The trial court's third finding is not attacked on the ground that it does not have support in the evidence.

Appellant presents three points based upon ten assignments of error. Seven of said assignments have reference to rulings of the trial court made with reference to challenged votes other than those cast by the persons named in the trial court's third finding.

Appellant's second assignment of error reads as follows: "The trial court erred in refusing to admit any testimony showing that the 36 alleged illegal voters were not bona fide voters in Commissioner's Precinct No. 3, on the ground that it was immaterial where said persons lived unless the contestant showed for whom they voted."

It seems that during the course of the trial, the district judge did express the opinion that it was necessary to show for whom a particular voter had cast his ballot before his residence qualifications could be attacked. However, it does not appear that the trial court adhered to this opinion or ruling insofar as the inquiry into the residence qualifications of the nine persons above mentioned were concerned. As a matter of fact, all of the nine took the witness stand and were examined and cross-examined at length concerning their residence qualifications. Appellant's second assignment does not disclose a reversible error.

Appellant's remaining assignments complain of the trial court's action in refusing to open the ballot box. Again no reversible error is shown. The trial judge in his finding considered the votes of the nine persons above mentioned as having been cast for Bell, in accordance with the allegations of appellant's pleadings. If an examination of the ballots would disclose that certain ones of the nine had in fact voted for Baylor—that their votes were in fact part of the twenty-one cast for Baylor—the appellant would obviously be in a less favorable position than that occupied by him under the ruling of the trial court. The assignments must therefore be overruled, as no prejudice or harm is disclosed.

Under the rulings above stated, the judgment appealed from must be affirmed.

We might, however, say that we have examined the evidence relating to the residence qualifications of the nine persons above mentioned and are of the opinion that we can not disturb the trial court's findings. 3 Tex.Jur. 1102, § 771; Warren v. Robinson, Tex.Civ.App., 32 S.W.2d 871; Shaw v. Taylor, Tex.Civ.App., 146 S.W.2d 452; McBeth v. Streib, Tex.Civ.App., 96 S.W.2d 992.

Further, we might point out that there was no evidence admitted by the trial court or disclosed by a bill of exception which would compel findings by the trial court that some seventeen additional persons whose votes were challenged, were not legally entitled to vote at the election here involved. This is, of course, also fatal to the success of the appeal.

The judgment is affirmed.