

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable T. D. Sansing
County Attorney
Hansford County
Spearman, Texas

Opinion No. O-5807
Re: Procedure to be followed when
    there is a tie in an independent
    school district election.

Dear Sir:

Your opinion request of April 4, 1944, reads in part as follows:

"At a recent election held by the Morse Independent School District in Hansford County, Texas, two of the candidates for trustee tied. Three were in the race. From some reason or other only one was to be elected. I have checked statutes and have been unable to find a solution to this problem. It is my opinion, after discussing the matter with our district judge, that another election should be called for the purpose of electing trustee and that this election should be one where anyone who might desire could enter the race. There is some doubt in my mind as to whether or not such election should be one wherein the two who tied should run the tie-off, rather than one where anyone might run, as above set out. It strikes me, however, that this election is and should be of a general nature and not restricted to the two who tied.

"I am not completely satisfied about the matter, and I respectfully request that your office render me an opinion on same at the earliest possible time . . . . "

Your letter does not inform us of the number of scholastics contained in the Morse Independent School District, and we have been unable to obtain this information from the sources immediately available to us. However, in order to make an immediate reply to your request, we are assuming that the District contains fewer than five hundred scholastics, and this Opinion is predicated upon such assumption. If we be mistaken in this assumption, we shall be pleased to render a new Opinion upon this subject upon receipt of information as to the actual number of scholastics in the District.

Article 2746a, V.A.C.S., provides as follows:

"All of the ballots for the election of a school trus-
tee in common school districts and in independent school
districts having fewer than five hundred (500) scholastics
as shown by the last preceding scholastic census roll ap-
proved by the State Department of Education and exclusive
of transfers shall be printed with black ink on clear white
paper, of sufficient thickness to prevent the marks thereon
being seen through the paper, and be of uniform style and
dimension; at the top of the ballot there shall be printed
'Official Ballot, _____ Independent School District',
the number or name of the school district in which the elec-
tion is to be held to be filled in by the judge of the county
when he orders the ballots printed. Any person desiring to
have his name placed on said official ballot, as a candidate
for the office of trustee of a common school district or of
an independent school district as herein provided shall, at
least ten days before said election, file a written request
with the county judge of the county in which said district
is located, requesting that his name be placed on the offi-
cial ballot, and no candidate shall have his name printed on
said ballot unless he has complied with the provisions of
this Act; provided that five or more resident qualified vo-
ters in the district may request that certain names be printed.
The county judge, upon receipt of such written request, and at
least five days before the election, shall have the ballots
printed as provided in this Act, placing on the ballot the
name of each candidate who has complied with the terms of this
Act, and deliver a sufficient number of printed ballots and
amount of supplies necessary for such election to the presid-
ing officer of the election at least one day before said elec-
tion is to be held, said election supplies, ballots, boxes, and
tally sheets to be delivered by the county judge by mail or in
any other manner by him deemed best, to the presiding officer
of said election in sealed envelopes which shall not be opened
by the election officer until the day of the election. The ex-
penses of printing the ballots and delivering same to the pre-
siding officer, together with the other expenses incidental to
said election shall be paid out of the available maintenance
funds belonging to the school district in which said election
is held, or to be held. The officers of said election shall be
required to use the ballots so furnished by the county judge as
provided herein. The election officers shall make returns of
said election to the county judge and certify the result in the
same manner as is now required by law, and said ballot boxes
which shall have been furnished by local school officials shall
be sent to the county judge and said election returns shall be
canvassed by the Commissioners' Court and together with ballot
boxes shall be safely preserved for a period of three months
next after the date of the election."

It will be noticed that this statute contains no provisions governing situations in which an election results in a tie. Consequently, the problem will be controlled by the general election laws. Shaw v. Taylor, 146 S.W. (2d) 452, Scherz v. Telfer, 74 S.W. (2d) 327.

With respect to tie votes in elections, the general election laws provide in Article 2953, V.A.C.S.:

"At any election, if there be an equal number of votes given to two or more persons for the same office, except executive offices as provided in the Constitution, and no one elected thereto, the officer to whom the returns are made shall declare such election void as to such office only, and shall immediately order another election to fill such office; and notice shall be given, and such other election shall be held in the same manner as the general election."

Moreover, the first Section of Article 2953a provides:

"Where special elections are authorized by this Act, the officer authorized by law to order elections shall make such order, fixing the time of the election not less than twenty nor more than ninety days after the first public notice of such order."

In your election there was but one position to be filled, and two candidates tied for this position. We deem this situation to be covered by the provisions of the two statutes last above quoted, and you are respectfully advised that the first election should be declared void and another election should be ordered. Since the new election is to "be held in the same manner as the general election", we feel that persons other than the two candidates who tied are at liberty to enter this election, provided they comply with the applicable provisions of the law relative to the filing of their candidacies.

In considering this matter we are not unaware of the case of Beeler v. Loock, 135 S.W. (2d) 644 (error dismissed). We consider this case to be inapplicable to the instant situation for the reason that in the facts there under consideration seven positions were to be filled, and it appears that the candidates who tied were among the seven candidates who received the highest number of votes. The action of the court in refusing to declare the election void and to order a new election was for the reason that a resolution of the tie was not necessary to a determination of the seven persons who had received the highest number of votes and who, therefore, were elected. Thus the court said:

"In the present instance, however, the fact that candidates might receive an equal number of votes, there being

seven places, and not merely one, to fill, could not re-
sult in the election being void merely because two or more
may have received an equal number of votes." (Emphasis
added)

In the situation under consideration, but one position is to
be filled, and such position can be filled only by determining the one
person who received the highest number of votes. This can be done only
by resolving the tie vote, and Articles 2953 and 2953a (1)direct the
manner in which such resolution is to be accomplished.

Trusting that the foregoing satisfactorily answers your inquiry,
we are

Very truly yours

APPROVED APR 11, 1944                    ATTORNEY GENERAL OF TEXAS

/s/ Geo. P. Blackburn

                                         By  /s/ R. Dean Moorhead
Acting ATTORNEY GENERAL OF TEXAS             R. Dean Moorhead
                                                    Assistant

RDM:ff:lm


                              APPROVED
                              OPINION
                              COMMITTEE
                              BY /s/ BWB
                              CHAIRMAN