**Clayton WILLIS et al., Appellants,**

v.

**J. O. DUNCAN, County Attorney, Upshur County, Texas, Appellee.**

No. 6888.

Court of Civil Appeals of Texas.

Texarkana.

·Oct. 4, 1956.

Rehearing Denied Nov. 8, 1956.

Looney E. Lindsey, Power, McDonald & Mell, Gilmer, for appellants.

Fulton, Hancock & McClain, Edwin M. Fulton, .Hollie· G. McClain, Gilmer, for appellee.

HALL, Chief Justice.

This is a contest of a school consolidation election held in the Glenwood Common· School District No.· 21 of ·Upshur County, Texas, on April 30, 1955. The appellants are resident citizens of said school district and were contestants in the trial court. The appellee, the County Attorney of Upshur County is contestee because of his official position as such. Trial was to the court and judgment was rendered against contestants holding that 90 of said votes cast in said election were for consolidation and 91 of said votes were cast against consolidation. Appellant brings forth several points, among which are Points 7 and 8, which read as follows:

"*Point 7:* The voters B. E. Butler and Mrs. B. E. Butler, being legally qualified voters in the Glenwood School District and holding duly issued poll tax receipts, which entitled them to vote in the Consolidation Election held in said District on April 30, 1955, their ballots should have been counted as ballots ·cast for consolidation, and the · ' trial court erred in rejecting ·them and in not so counting them.

"*Point 8:* The voters ·Floyd Craig . and Mrs. Floyd Craig, being legally qualified voters in the Glenwood School District and holding duly issued poll

tax receipts, which entitled them to vote in the Consolidation Election held in said District on April 30, 1955, their ballots should have been counted as ballots cast for consolidation, and the trial court erred in rejecting them and in not so counting them."

Point 7, as will be noted, concerns the votes of B. E. Butler and his wife, Mrs. B. E. Butler; and No. 8 concerns the votes of Floyd Craig and Mrs. Craig. All these votes were held invalid by the trial court. There is no disputed fact issue concerning these four votes. The only issue presented is one of law. It is the contention of appellee that the fact that the poll taxes of these four voters paid by another person without the knowledge and consent of the voters and with money belonging to the payor renders said votes illegal. The facts are undisputed that these four voters were qualified under the statute to vote, unless the payment of their poll taxes by another person from his own funds renders said votes invalid.

Article 5.02 of the Texas Election Code, V.A.T.S. reads as follows:

"Every person subject to none of the foregoing disqualifications [Art. 5.01, Election Code] who shall have attained the age of twenty-one (21) years and who shall be a citizen of the United States, and who shall have resided in this State one (1) year next preceding an election, and the last six (6) months within the county in which he or she offers to vote, shall be deemed a qualified elector, provided that any voter who is subject to pay a poll tax under the laws of this State, shall have paid said tax before offering to vote at any election in this State and holds a receipt showing that said poll tax was paid before the first day of February next preceding such election; * * *."

Article 5.13 reads as follows:

"No candidate for office shall pay the poll tax for another. No person shall for or an behalf of any candidate for office or person interested in any question to be voted on pay the poll tax for another."

We find no language in either of these articles specifically denying a person the right of suffrage because his poll tax has been paid by another without his knowledge or consent. In Warren v. Robinson, Tex. Civ.App. San Antonio, 32 S.W.2d 871, 872, it is held:

"The law does not render poll tax receipts paid by others than the voters invalid, and the qualified voter has the right to vote regardless of how he may have obtained the receipt, if he was qualified under the law to obtain a receipt. The disqualification must attach to the voter himself, and, when in possession of poll tax receipt, he has the right to vote. There is no such intimation in the statute."

In the case of Fugate v. Johnston, Tex. Civ.App., 251 S.W.2d 792, 794, also by the San Antonio Court, we find this language:

"Here again we must look to the act of the Legislature. If the Election Code invalidates such votes, it must say so. * * * [Citing Newton v. Barnes, Tex.Civ.App., 150 S.W.2d 72; Warren v. Robinson, Tex.Civ.App., 32 S.W.2d 871, and other cases.]

" * * * But the significant point in all this discussion of the Code is that there is no legislative command to void the votes in question and disfranchise the voter."

Harrison v. Jay, 153 Tex. 460, 271 S.W. 2d 388, quotes with approval the statement set out above from Warren v. Robinson, supra. See also Sanchez v. Bravo, Tex. Civ.App., 251 S.W.2d 935; Reynolds v. Cobb, Tex.Civ.App., 196 S.W.2d 60; State ex rel. Sharp v. Martin, Tex.Civ.App., 186 S.W.2d 111. Many other cases could be cited on this same point. There is one case relied upon by appellee, Linger v. Balfour,

Tex.Civ.App., 149 S.W. 795, which seems to hold to the contrary of the cases cited above. We find no other case in Texas which follows this case on this point, although the case has been cited many times on other points. In view of the contrary holdings of a majority of the courts of this state with approval by the Supreme Court in Harrison v. Jay, we feel constrained to follow the majority.

No person in this state who possesses all the qualifications of a voter under our statutes should be denied the important privilege of voting in an election. As said by some of the eminent authorities heretofore cited, to refuse the ballot to any one, it must be by direct mandate from the Legislature. We feel that, as heretofore pointed out, these four parties named in the points set out above who have complied with all the other requirements of the statute should not be denied the ballot because their poll taxes were paid by another person with his own funds without their knowledge or consent. It must be remembered that the statutes set out above place the odium upon the person paying the poll tax for another and not upon the person whose poll tax is paid. Suppose, for example, that after their poll taxes had been paid without their knowledge and consent by the third party and handed to them, they should have become suspicious of their right to vote and had gone to the tax assessor and collector at the proper time and asked to pay their poll taxes. Certainly the tax collector would not have issued second poll tax receipts in their names, and thus they would have been deprived of a vote without any wrongdoing on their part. It is our conclusion, therefore, that Points 7 and 8 set out above present reversible error.

It is our opinion that the four votes discussed above and held invalid by the trial court were valid votes and should have been counted for consolidation. This being true, the election carried for consolidation by a vote of 94 to 91.

We have carefully examined all other points brought forward by appellants as well as all cross-points brought forward by appellee. In our opinion the same are without merit since there is substantial testimony to support the trial court's actions complained of and they are respectfully overruled.

The judgment of the trial court is therefore reversed and judgment is here rendered for contestants.

FANNING, J., concurs.

DAVIS, J., disqualified and not sitting.