

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

October 18, 1972

Hon. John A. Traeger, Chairman
House Interim Committee on Creation
  and Operation of Water Districts
P. O. Box 100, Capitol Station
Austin, Texas 78767

Opinion No. M- 1238

Re: Does the Texas Elec-
    tion Code apply to
    water district elec-
    tions?

Dear Representative Traeger:

      Your recent letter requesting the opinion of this
office poses the following question:

> "Does the Texas Election Code apply to water
> district elections?"

      Article 1.01, Texas Election Code, in expressing its
scope and applicability, provides as follows:

> "The aim in adopting this Code is to state
> in plain language the laws governing the nomina-
> tion and election of officers <u>and of holding other
> elections</u>, to simplify, clarify and harmonize the
> existing laws in regard to parties, suffrage,
> nominations, and elections, and to safeguard the
> purity of the ballot box against error, fraud,
> mistake and corruption, to the end that the will
> of the people shall prevail and that true demo-
> cracy shall not perish from the Lone Star State.
> To that end <u>the provisions of this Code shall
> apply to all elections</u> and primaries <u>held in this
> State, except as otherwise provided herein.</u>"
> (emphasis added.)

      Section 50.002, Texas Water Code (Acts 62nd Leg.,
R.S., 1971, ch. 58, pp. 110 et seq.), dealing with election
procedures in the various types of general law water districts,

-6065-

reads:

"The qualifications of voters in district
elections are as specified in the state and fed-
eral constitutions and the procedures for con-
ducting elections and for voting are as specified
in the Texas Election Code except as otherwise
provided in this title."

Other portions of the Texas Water Code provide specific elec-
tion procedures for various types of water districts.

The law is well settled that the provisions of the
general law, i.e., the Texas Election Code, apply to water
districts when not inconsistent with the specific acts of their
creation (e.g., Art. 8280-101, et seq., V.C.S.) or other con-
trolling special laws. When specific provisions of the general
law, if given effect, would nullify or modify specific provi-
sions of a special act concerning particularized rights and
duties of districts, the latter provisions must prevail over
those of the general law. Hidalgo County Water Co. & Imp.
Dist. No. 1 v. Hidalgo Co., 134 S.W.2d 464, 467 (Tex.Civ.App.
1939, error ref.); Schrock v. Hylton, 133 S.W.2d 175, 177 (Tex.
Civ.App. 1939, no writ); and Shaw v. Taylor, 146 S.W.2d 452,
454 (Tex.Civ.App. 1940, no writ).

In view of the foregoing, you are advised that the
provisions of the Texas Election Code are applicable to water
districts, provided said Code is not inconsistent with either
the election procedures set forth regarding such districts in
either the Texas Water Code or special statutes creating or
relating to such districts. To the extent of any inconsistency
between the Election Code and the Water Code, or a special
statute relating to a water district, the latter will prevail
over the former.

S U M M A R Y

The provisions of the Texas Election Code are
applicable to water districts, provided that such
provisions are not inconsistent with the election

procedures set forth in either the Texas Water Code or the special statutes controlling the districts. If there is an inconsistency between the Texas Election Code and the Texas Water Code, or a special statute relating to a water district, the latter will prevail over the former to such extent.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
Jack Sparks
Linward Shivers
Bob Lattimore

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant