## ROBINSON et al. v. EL SAUZ INDEPENDENT SCHOOL DIST. et al.

### No. 8679.

Court of Civil Appeals, of Texas. San Antonio. June 3, 1931.

Rehearing Denied July 15, 1931.

Jesse G. Foster, of Raymondville, for appellants.

S. L. Gill, of Raymondville, for appellees.

FLY, C. J.

This is an appeal from a judgment granting a writ of mandamus compelling the appellants, respectively, county and district attorneys, to join with appellees in a suit to determine the validity of the establishment and formation of a certain school district known as the Santa Margarita School District.

We are of the opinion that district and county attorneys are clothed with discretion in the prosecution of suits of quo warranto. Article 6253, Rev. St. It is apparent that if such officers have no such discretion, the state could be dragged into any-cases prosecuted by irresponsible persons, and the officers be made puppets in the prosecution of suits involving no merit whatever. No one can protect the state against frivolous and ridiculous suits, if the officers necessary to be joined in such suits can be forced to institute or join in them in the name of the state. Such a rule would lead to absurd results, and tend to seriously embarrass and discredit the state. It is true that in such suits the state is only a nominal party, and still it is an essential and necessary party, and the question of whether the state should lend its dignity and power to the prosecution of causes should not be left to the whims or caprices of individuals, but should be confided to some officer to whom such powers are entrusted.

Even if the appellants, or either of them, had joined in the suit to destroy the district, it could not be maintained because the Legislature in 1930, and also in 1931, validated the district and gave the sanction of law to its existence. Acts of 41st Legislature, Fourth Called Session, c. 40, p. 79 (Vernon's Ann. Civ. St. art. 2742i). Again, the 42d Legislature, c. 257 (Vernon's Ann. Civ. St. art. 2742k) passed a validation act which fully covers any and all supposed defects in the organization of the district.

We think it clear that the Legislature had the power and authority to validate the formation and establishment of the Santa Margarita School District, and no county or district attorney could be compelled by mandamus to assail the legislative act or seek to evade its provisions.

The judgment is reversed, and the cause dismissed.