**Nap CHANDLER, Appellant,**

**v.**

**Octavio SAENZ et al., Appellees.**

**No. 13381.**

Court of Civil Appeals of Texas.

San Antonio.

June 18, 1958.

Rehearing Denied July 16, 1958.

Sidney P. Chandler, Corpus Christi, for appellant.

Gerald Weatherly, Laredo, for appellees.

BARROW, Justice.

Appellant, Nap Chandler, brought this suit against appellees, Octavio Saenz, individually and as Mayor of the City of Benavides, and Ramiro Carrillo, Albino Canales and Pat Gonzalez, seeking a temporary injunction, and on final hearing a permanent injunction, to restrain appellees from paying out public money of said city to defend this suit, to restrain the appellees Carrillo, Canales and Gonzalez from sitting or acting as aldermen of said city, and also to restrain the appellees from preventing appellant from sitting as alderman of said city.

Upon a preliminary hearing the trial court denied the temporary injunction, and this appeal is from that judgment.

At the city election in April, 1958, which was called for the purpose of electing a mayor, a city marshal and two aldermen, there were five candidates for aldermen. The results showed that Ireneo Canales received 483 votes, Lucky Casas, 447 votes, Leopoldo S. Chapa, 442 votes, Jose D. Gutierrez, 427 votes, and appellant, Nap Chandler, 18 write-in votes. Appellant contends that five aldermen were to be elected and inasmuch as only five candidates received votes, all five were elected. Chapa and Gutierrez are not parties to this suit and are not complaining of the fact that they were not seated.

The decision of the question involved in this case depends upon whether the City of Benavides was incorporated as a city or town as provided for in Chap-

ter 1, Title 28, Vernon's Annotated Civil Statutes, or was incorporated as a town or village, as provided for in Chapter 11, Title 28, Vernon's Ann.Civ.Stats. Appellant contends, in effect, that it was incorporated as a town or village and is governed by the provisions of Chapter 11, whereas appellees contend that it was incorporated as a city and is governed by the provisions of Chapters 1 to 10, inclusive.

We cannot agree with appellant's contention. The main distinction in the incorporation of the types of municipalities is that in the case of a town or village it must contain more than 200 inhabitants and less than 10,000, and the petition must be signed by at least 20 residents thereof, Arts. 1133 and 1134, Ch. 11, Title 28, Vernon's Ann.Civ.Stats.; whereas, in the case of a city it must contain at least 600 inhabitants, and the application must be signed by at least fifty electors, residents of such city or town. Art. 966, Ch. 1, Title 28, Vernon's Ann.Civ.Stats.

The record reveals that the City of Benavides was incorporated in the year 1935. All of the proceedings for incorporation made reference to it as "the City of Benavides," and the petition for the election was signed by more than the required number of fifty electors. In acting on the petition, the County Judge found that the proposed city contained more than 600 inhabitants and that the petition was signed by at least fifty qualified electors residing within the proposed boundaries, and he ordered the election to be held to determine whether or not the City of Benavides should be incorporated "as a city under Title 28, Revised Civil Statutes, Revision 1925, and especially chapters one (1) and Eleven (11) of said Title 28, with all the rights, powers, immunities privileges and franchises as conferred in said title relating to cities and towns (not towns and villages) as prayed for in said petition," and specified that it be known as the City of Benavides.

Appellant contends that inasmuch as the application prayed for an election to incorporate under the provisions of "Chapters one (1) and eleven (11)" of Title 28, it must have been to incorporate as the municipality provided for in Chapter 11 (town or village). In that connection, we note that Chapter 1 makes no provision for the procedure to be followed in the incorporation of a city or town, but provides that it shall be done "in the manner described in Chapter 11 of this title for incorporating towns and villages, * *." Thus, the reference to the provisions of Chapter 11 became and were appropriate, although the proceedings showed the petition was for incorporation as a city. It is therefore clear that the City of Benavides is incorporated as a city and that the provisions of Chapters 1 to 10, inclusive, are applicable.

The record shows that following the incorporation the City of Benavides was not divided into wards, and in the even numbered years has elected a mayor, two aldermen, and a marshal, and in the odd numbered years has elected three aldermen. This procedure has been continuously followed since that time. It is not contended that the three contested aldermen were not elected in April, 1957, but appellant contends that all the officers should be elected each year, as provided in Art. 1144, Chapter 11, Title 28. This contention must be overruled. The officers of a city operating under the provisions of Chapters 1 to 10, Title 28, are elected under the provisions of Art. 977, and hold office for two years.

Appellant's contention that he is entitled to an injunction to restrain the city council from paying out city funds to pay attorney's fees in the defense of this suit is also overruled. This is not an election contest between the parties as individuals, but a suit for injunction against the governing body of said city, the effect of which would be to disqualify and re-

move from office a majority of the city aldermen and thereby disrupt the lawful functions of the city council. The city council is authorized to expend such sums as are reasonably necessary to maintain the city government.

The judgment is affirmed.