**Glenn F. HAMMAN, Appellant,**

**v.**

**Lloyd HAYES et al., Appellees.**

**No. 6772.**

Court of Civil Appeals of Texas.

Beaumont.

April 15, 1965.

Rehearing Denied May 12, 1965.

Keith, Mehaffy & Weber, Beaumont, for appellant.

Cary Young, Black & Provost, Port Arthur, for appellee.

STEPHENSON, Justice.

This is a suit in the form of a declaratory judgment brought to determine the legality of the appointment of the Director of Police for the City of Port Arthur. Plaintiff is the former Chief of Police, but brought this action as a taxpaying citizen against the City of Port Arthur, the Mayor and the Director of Police. Trial was before the court and judgment was one of dismissal for want of jurisdiction. The parties will be referred to as they were in the trial court.

The sole question involved in this appeal is whether or not such action must be brought as a "quo warranto" proceeding in which the State of Texas is a party. Plaintiff alleged in his petition that he has the right as a taxpayer to challenge the illegal expenditure of public funds under a contract which is void or illegal. Plaintiff further alleged that the void or illegal contract is the one of employment of the Director of Police because he is not qualified under Section 14, par. D of Art. 1269m, Vernon's Ann.Civ.St., which reads as follows:

> "No person shall be eligible for appointment as Chief or Head of the Fire or Police Department of any city coming under the provisions of this Act who has not been a bona fide fire fighter in a Fire Department or a bona fide law enforcement officer for five (5) years in the State of Texas."

Plaintiff contends he is not bound exclusively by the quo warranto procedure under Art. 6253, V.A.C.S., inasmuch as he is not directly seeking to determine the "right" of the Director of Police to hold office. Plaintiff also alleged that he would have continued to hold the office of Director of Police, but for the illegal appointment of the present director.

Plaintiff cites cases to the court which are authority for the proposition that a taxpaying citizen has a right to challenge the illegal expenditure of public funds. Terrell v. Middleton, Tex.Civ.App., 187 S.W. 367; Osborne v. Keith, 142 Tex. 262, 177 S.W.2d 198. However, the court did not have to pass upon the qualifications of a person to hold office, either elective or appointive, in any of the cases cited.

The authorities in this State indicate that a proceeding in quo warranto is the exclusive legal remedy afforded to the public by which it may protect itself against the usurpation or unlawful occupancy of a public office by an illegal occupant. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263; Willborn v. Deans, Tex.Civ.App., 240 S.W.2d 791; McFarlin v. State ex rel. Barnard, Tex.Civ.App., 272 S.W.2d 630. However, apparently there was no contention made that public funds were being illegally expended in any of these cases.

We hold that this case, in which the court must first determine whether or not the Director of Police is legally qualified to hold public office, before it can determine whether or not public funds are being illegally expended, must be brought as a proceeding in quo warranto.

Affirmed.