Quentin LUSBY et al., Appellants,

v.

W. T. COZBY et al., Appellees.

No. 16720.

Court of Civil Appeals of Texas.

Dallas.

April 15, 1966.

Eades & Eades, Eric Eades, Jr., Dallas, for appellants.

Saner, Jack, Sallinger & Nichols, and Lawrence W. Jackson, Dallas, for appellees.

BATEMAN, Justice.

This is a contest of an election in the Town of Coppell, Texas, wherein four propositions authorizing the issuance of bonds were reported to have carried by margins of 19, 8, 22 and 12 votes, respectively. The appellants, Quentin Lusby and Dr. Charles Tilley, in their suit to contest the election alleged that twenty-two qualified voters, each of whom would have voted against all four propositions, thereby defeating them, were unlawfully denied the right to vote.

The trial court, sitting without a jury, denied the contest, and upon request filed findings of fact and conclusions of law. The findings of fact were: that (1) a majority of the legal votes cast in the election were in favor of all four propositions voted upon; (2) on the date of the election twenty-two persons, naming them (and being the same persons alleged by appellants to have been wrongfully denied the right to vote at said election), did not in fact reside within the then existing corporate limits of the City of Coppell, Texas; (3) each of the said twenty-two persons resided in an area which had been on March 1, 1965 discontinued as a part of the corporate limits of the City of Coppell by Ordinance No. 20; (4) said twenty-two persons attempted to vote in said election, were not allowed to do so and, if permitted, each would have voted against all of the propositions voted upon; (5) on March 1, 1965 the City Council of the City of Coppell met at a regular council meeting and adopted Ordinance No. 20; which (6) disannexed from the corporate limits of Coppell the area where the said twenty-two persons resided; (7) on March 1, 1965 the City Council of Coppell also passed Ordinance No. 21, which adopted the provisions of Chapters 1 through 10 of Title 28,[1] that are required to be adopted by Article 961; (8) said Ordinances Nos. 20 and 21 were adopted at the same meeting, No. 20 being passed first and No. 21

shortly thereafter; (9) Ordinance No. 21 was filed in the records of the County Clerk of Dallas County on March 2, 1965.

The court's conclusions of law were that the aforesaid twenty-two persons were not qualified to vote in the election; that the results of the election, as originally canvassed and declared, were the true and correct results, and that the contest herein was without merit; that the authority and power to discontinue territory, as granted by Article 973, can be exercised by cities or towns operating under the provisions of Chapter 11, Title 28, as well as those cities or towns generally referred to as "Chapter 1 Cities" which have adopted the provisions necessary to be adopted under Article 961; that where a city council passes two ordinances at the same meeting, and where technically the validity of one ordinance is dependent upon the prior passage of the other ordinance, but where in fact the council passes the ordinances out of their proper order, but within a few minutes of each other, the mere technicality of passing the ordinances out of their proper order will not invalidate the ordinance first passed, and that the law in such case will construe the ordinances as having been passed in the order necessary to give them legal effect, and will not hold a city council consisting of laymen to such a technical understanding of the law.

By four points of error on appeal the appellants present the sole ultimate question: Were the twenty-two persons who were refused the right to vote qualified voters? If so, the judgment should be reversed, for their negative votes would have defeated the four propositions of which the appellants complain.

Prior to the council meeting on March 1, 1965, the Town of Coppell was incorporated under the terms and provisions of Chapter 11, Title 28 (Articles 1133–1153a). In that status it had no authority to issue bonds or to create debts. The only way it

1. All Articles and Chapters mentioned in the opinion refer to Vernon's Annotated Civil Statutes.

could acquire authority or power to do so was to pass an ordinance accepting the provisions of Chapters 1 through 10 of Title 28, in accordance with the provisions of Article 961.

This is what the City Council did by the passage of Ordinance No. 21 at its meeting on the night of March 1, 1965. Appellants concede the validity of that ordinance, but take the position that the council had no authority or power to pass Ordinance No. 20 (the disannexation ordinance) until after Ordinance No. 21 was passed and a copy thereof, signed by the mayor and attested by the clerk or secretary under the corporate seal, was filed in the office of the County Clerk. The copy was not filed until the next day, March 2, 1965.

The first three points of error, briefed together, assert error in upholding the election because the twenty-two persons, unlawfully disfranchised by Ordinance No. 20, if allowed to vote would have changed the results of the election.

Title 28, V.A.C.S., entitled "CITIES, TOWNS AND VILLAGES," is a codification of laws pertaining to cities, towns and villages, their incorporation, forms of government, powers, etc., and consists of twenty-two chapters. Chapter 1 (Articles 961–976b) is entitled "Cities and Towns." Chapters 2 through 10 (Articles 977–1132) contain numerous provisions not pertinent here. Chapter 11 (Articles 1133–1153a) is entitled "Towns and Villages." There are three general classifications of municipal corporations in Texas; viz., Home Rule, Special Charter and General Law. Here, we are concerned only with General Law municipalities.

General Law municipalities are considered to be divided into two categories; viz., first, those organized under Chapters 1 through 10 of Title 28, known as "Cities and Towns" and, second, those organized under Chapter 11 of Title 28, known as "Towns and Villages." The difference between them was thus described in 1887 by Judge Gaines in City of Waxahachie v. Brown, 67 Tex. 519, 4 S.W. 207, 209:

"The difference between the provisions of the title referred to in reference to cities, and those relating to towns is remarkable. There are ten chapters devoted to the former, and but one to the latter, class of municipal corporations. The powers granted to towns in chapter 11 of that title are hardly more than are absolutely essential to their existence as bodies corporate. No authority to issue bonds, or to create debts, is given them, and hence there are no enactments regulating the amount or mode of their issue."

The only statutory authority for discontinuing a portion of the territory within a municipality is found in Article 973, as follows:

"Whenever there exists within the corporate limits of any city or town organized under the general laws within this State territory to the extent of at least ten (10) acres, contiguous and adjoining the lines of any such city or town, which is uninhabited or on which there are fewer than one (1) occupied residence or business structure for every two (2) acres of such territory and fewer than three (3) occupied residences or business structures on any one (1) acre of such territory, the mayor and city or town council may by ordinance duly passed discontinue said territory as a part of said city or town; and when said ordinance has been duly passed, the mayor shall enter an order to that effect on the minutes or records of the city or town council; and from and after the entry of such order said territory shall cease to be a part of said city or town."

■ Appellants argue that Article 973 (a part of Chapter 1) could not apply to Coppell (a Chapter 11 town) unless and until it accepted, by a two-thirds vote of its council, the provisions of Title 28 "relating to cities and towns," and that no such ac-

tion had been taken by Coppell at the time of the attempted disannexation.[2]

We do not agree with appellants. In the first place, the wording of Article 973 indicates clearly that it was intended to apply to all General Law municipalities, there being nothing in its language to indicate a legislative intent to limit its applicability to any particular class or category of cities or towns. It specifically makes itself applicable to "any city or town organized under the general laws within this State." Coppell was such a town.

In the second place, the inclusion of Article 973 as a part of Chapter 1 without specifically making it also applicable to towns and villages organized under Chapter 11 is, we think, a mere circumstance without significance, so far as this question is concerned. We think the legislative history of Article 973 does have significance. When the legislature in 1875 passed a rather elaborate set of statutes relating to municipalities (Acts of 1875, p. 113, G.L. Vol. 8, pp. 485–528) no authority for the disannexation by a city, town or village of any territory within its boundaries was contained therein; and it was not until 1895, twenty years later, that the law which is now Article 973 was passed. At all times since then it specifically applied to *"any city or town organized under the general laws* within this State"; and its caption was: "An act to enable the mayor and

city council of *any town or city* to discontinue uninhabited territory as a part of *any city or town."* (Italics ours.) Acts of 1895, p. 178, G.L. Vol. 10, p. 908. At no time did it contain words indicating an intent that it should be inapplicable to Chapter 11 towns or villages.

Therefore, we hold that Article 973 invested Coppell's governing body with authority to discontinue territory within its limits, whether it took the action provided for in Article 961 or not. Mallow v. State, Tex.Civ.App., 374 S.W.2d 732, wr. ref. n. r. e.

■ If we be mistaken in so holding, our disposition of the appeal would be the same because we hold that the fact that Ordinance No. 20 was passed a few minutes before the passing of Ordinance No. 21 is immaterial. The trial court correctly held that the two ordinances should be construed as having been passed in the order necessary to give them legal effect. McQuillin, Municipal Corporations, 3d Ed., Vol. 6, §§ 20.50, 20.62. That being true, Coppell must be considered as having adopted the provisions of Article 961 and clearly entitled to exercise the grant of authority contained in Article 973.

■ Appellants argue that the foregoing conclusion is unsound because, although both ordinances were passed at the same meeting, Ordinance No. 21, adopting

2. Article 961, a part of Chapter 1, provides for this transformation, as follows:

"Any incorporated city, town or village in this State containing six hundred inhabitants or over, however legally incorporated, and any incorporated city, town or village of whatever population containing one or more manufacturing establishments within the corporate limits, may accept the provisions of this title relating to cities and towns, in lieu of any existing charter, by a two-thirds vote of the council of such city, town or village, had at a regular meeting thereof, and entered upon the journal of their proceedings, and a copy of the same signed by the mayor and attested by the clerk or secretary under the corporate seal, filed and recorded in the office of the county clerk in which

such city, town or village is situated, and the provisions of this title shall be in force, and all acts theretofore passed incorporating said city, town or village which may be in force by virtue of any existing charter, shall be repealed from and after the filing of said copy of their proceedings, as aforesaid. When such city, town or village is so incorporated as herein provided, the same shall be known as a city or town, subject to the provisions of this title relating to cities and towns, and vested with all the rights, powers, privileges and immunities and franchises therein conferred. The provisions of this title shall not apply to any city, town or village until such provisions have been accepted by the council in accordance with this article."

the provisions of Article 961, could not have become effective until the next day when a copy thereof was filed in the office of the County Clerk. We do not agree. If the filing and recording of a copy of the ordinance in the office of the County Clerk is essential to its validity (which we do not find it necessary to determine), the sole purpose of the requirement is to make a permanent, public record of the action of the council. It is the council's action, not the evidence or record thereof, which actually accomplishes the transformation of the municipality from one category to another. Therefore, we hold that Ordinance No. 21 was effective when passed on March 1, 1965, since the requirement of filing and recording was met in due season and long before the election.

For the reasons enunciated above, appellants' first three points of error on appeal are overruled.

■ By their fourth point appellants attack the validity of the election on the ground that Ordinance No. 20 was improper and unauthorized in that, contrary to the provisions of Article 973, the disannexed area contained more than three occupied structures per acre. There was undisputed testimony to the effect that contained within the discontinued area there was one square acre on which were situated three occupied houses.

The trial court evidently disregarded this testimony as a collateral attack on the ordinance. We approve. Contained in the ordinance itself is a specific finding by the council that the area to be discontinued had fewer than one occupied residence or business structure for every two acres, and fewer than three occupied residences or business structures on any one acre, of such territory. This was a quasi-judicial determination and was conclusive on the court in the absence of a showing of fraud. State ex rel. Rea v. Etheridge, Tex.Civ.

App., 20 S.W.2d 808, reversed on other grounds 32 S.W.2d 828; Kuhn v. City of Yoakum, Tex.Com.App., 6 S.W.2d 91; Phillips v. City of Odessa, Tex.Civ.App., 287 S.W.2d 518, wr. ref. n. r. e.

■ Appellants argue that this election contest is not a collateral but a direct attack on the election itself, citing De Shazo v. Webb, 131 Tex. 108, 113 S.W.2d 519. However, the sole basis for the attack is the asserted invalidity of Ordinance No. 20, and as to that ordinance this is a collateral attack. De Shazo v. Webb, supra, is authority for holding that appellants had the right to contest the election for any irregularities or illegalities in the conduct of the election, but it is not authority for the effort made here to nullify legislative action by the municipality under the guise of an election contest. An attack on the ordinance should be adjudicated by a quo warranto proceeding brought by the state, or to which it is a party. Kuhn v. City of Yoakum, supra; Phillips v. City of Odessa, supra.

If Coppell wrongfully misused powers delegated to it by the Legislature, such was a wrong against the state requiring action in form quo warranto for its rectification. Town of De Kalb v. State, Tex.Civ.App., 71 S.W.2d 299.

There being neither pleading nor proof of any fraud in connection with such finding by the council, it was not subject to collateral attack and the court properly disregarded the testimony. Warren v. Robinson, Tex.Civ.App., 32 S.W.2d 871, no wr. hist.; Turner v. Allen, Tex.Civ.App., 254 S.W. 630, wr. dism. Appellants' fourth point of error is overruled.

The judgment appealed from was correct and is

Affirmed.

WILLIAMS, J., not sitting.