A. E. BEAN et al., Appellants,

v.

The TOWN OF VIDOR et al., Appellees.

No. 7009.

Court of Civil Appeals of Texas.

Beaumont.

March 13, 1969.

Opinion Amended April 3, 1969.

Rehearing Denied May 1, 1969.

---

E. Bruce Votaw, Vidor, for appellants.

Ernest Sample, Beaumont, for appellees.

KEITH, Justice.

The appeal is from a judgment denying declaratory relief that certain ordinances of The Town of Vidor, Texas, were and are invalid. The parties will be designated as in the trial court.

Bean, et al., property owning, taxpaying resident citizens of The Town of Vidor (hereinafter called "Vidor", brought this suit in the nature of a declaratory judgment action, for themselves, and in the nature of a class suit. The defendants were the municipality itself and its elected officials, sued in their official as well as individual capacities. Plaintiffs sought judgment declaring to be invalid Vidor Ordinance No. 4, adopted in August, 1960, wherein Vidor sought to accept the provisions of Title 28 of the Revised Civil Statutes of 1925, as amended, "insofar as its provisions are applicable to the City of Vidor, Texas, * * *" The ordinance was adopted by Vidor under the provisions of Article 961, Vernon's Ann.Civ.St.

Ordinance No. 4, adopted unanimously by the Board of Aldermen of Vidor and duly recorded in the County Clerk's office, recited that "The City of Vidor has been legally incorporated and contains more than 600 inhabitants within the corporate limits thereof." Professing to act under the broader powers conferred through the acceptance of Title 28, Vidor abolished the office of town marshal, adopted two garbage ordinances, levied and collected taxes, issued time warrants for a City Hall, and operated as a municipality without challenge from the date of its incorporation, in April, 1960, until the filing of this suit some several years later.[1] Plaintiffs, without joinder by the State as in a proceeding in the nature of quo warranto, attacked Ordinance No. 4, primarily as we understand their contentions, because of their claim that Vidor had more than 5,000 inhabitants at the time of the adoption of said ordinance, thereby making inapplicable to it the provisions of Article 961. It was and is the contention of plaintiffs that a municipality incorporated under the provisions of Article 1133, containing more than 5,000 inhabitants, but less than 10,000, cannot avail itself of the provision of Article 961. Reasoning from this premise, it is asserted that the adoption of Ordinance No. 4 was void and Vidor, notwithstanding the attempted assumption of the additional powers which would flow from its valid acceptance of the benefits of Article 961, remained a "town or village." Therefore, it is asserted, the other challenged ordinances[2] likewise are invalid. A declaratory judgment finding and declaring invalid each of the challenged ordinances was sought as well as a judicial declaration that Vidor remained a town or village and was not a city.

Vidor, and its officials, pleading to the jurisdiction of the court and the lack of standing on the part of the plaintiffs to maintain the suit because not joined by the State in a proceeding in the nature of quo warranto, answered and the cause proceeded to trial before the court. The court took the exceptions and the plea to the jurisdiction along with the merits of the cause, heard all the evidence introduced, rendered judgment upholding the validity of each challenged ordinance, and thereby

---

1. The amended petition upon which plaintiffs went to trial was filed in September, 1967, but we are unable to determine from the record exactly when suit was instituted.

2. The ordinances related to the abolition of the office of town marshal and the establishment of the office of chief of police, the enactment of two garbage ordinances, as well as certain tax levies.

never ruled upon the jurisdictional question.

■ Plaintiffs have made no attack upon the original incorporation of The Town of Vidor in 1960, as indeed they could not since such a proceeding must be in the nature of a proceeding in quo warranto. Walling v. North Central Texas Municipal Water Auth., 162 Tex. 527, 348 S.W.2d 532, 533 (1961). An action brought in the form of a declaratory judgment proceeding cannot be substituted therefor since the State is not a party. Hamman v. Hayes, 391 S.W.2d 73 (Tex.Civ.App., 1965, error ref.); Harrison v. Bunnell, 420 S. W.2d 777 (Tex.Civ.App., 1967, no writ).

■ However, the attack which plaintiffs now make is one directed at the validity of Ordinance No. 4, "accepting" the provisions of Title 28, not one directed against the validity of the incorporation proceedings. Assuming the existence of a justiciable controversy which plaintiffs have standing to assert (a matter to which we will allude later) the action under the Declaratory Judgments Act, Article 2524–1, subdiv. 2, V.A.C.S., is an appropriate method of determining the validity of the Ordinance.[3] 22 Am.Jur.2d, Declaratory Judgments, § 25, p. 870; Beverly v. City of Dallas, 292 S.W.2d 172, 176 (Tex.Civ. App., 1956, error ref., n. r. e.).

Before we turn to a determination of what we consider to be the controlling question in this litigation, we first must determine just what is not properly before us. The fragmentation of the points upon which the appeal is based makes this not only desirable but absolutely necessary. On page 60 of plaintiffs' brief, in the argument under Point Two, plaintiffs appear to set out what they contend to be the five "unauthorized acts" of Vidor of which complaint is made. These we summarize:

1. Since the adoption of Ordinance No. 4, the mayor and aldermen have occupied their respective office for two-year terms, not for the one-year terms for which plaintiffs contend;

2. The office of town marshal was abolished;

3. Two garbage ordinances (Nos. 66 and 104) were adopted providing a criminal penalty (a fine) of $200.00 when the lawful maximum fine, according to plaintiffs, would have been $100.00;

4. Vidor has levied taxes in excess of 25 cents on each one hundred dollars valuation of real property; and

5. Time warrants and refunding bonds have been issued, according to plaintiffs, without any authority.

■ Taking these "acts" to constitute the gravamen of the complaint, we summarily rule out of consideration Nos. 1 (mayor and aldermen), 2 (the town marshal), and 3 (the garbage ordinances). No plaintiff contends he is entitled to the office of town marshal, there is no incumbent, and no plaintiff seeks to become a candidate therefor. The adoption of the Uniform Declaratory Judgments Act (Article 2524–1, V.A.C.S.), of course, did not authorize courts to render advisory opinions and there must be a justiciable controversy to authorize the determination of the question presented. Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722, 724 (1955); California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780, 781 (1960); Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933). See also: Chandler v. Saenz, 315 S.W.2d 87, 89 (Tex. Civ.App., 1958, error ref., n. r. e.). The point challenging the validity of the ordinance abolishing the office of town marshal is, therefore, overruled and removed from our discussion of the remaining points.

3. This comment applies only to Ordinance No. 4 now under discussion and the challenge of the levy of taxes (Point 9) and does not apply to the challenge of the town marshal ordinance and the two garbage ordinances to be discussed hereinafter.

■ The record discloses that at least one of the challenged garbage ordinances is already involved in litigation following the arrest and conviction of one of the plaintiffs, Castilaw, for its violation. The record discloses that the conviction in the corporation court of Vidor has been appealed to the County Court, where it was pending at the time of trial. The ordinances are penal in nature and their validity, or invalidity, may and properly should be determined in criminal proceedings. City of Amarillo v. Griggs Southwest Mortuary, Inc., 406 S.W.2d 230, 233 (Tex.Civ.App., 1966, error ref., n. r. e.) and cases therein cited. Not having jurisdiction to determine the issues presented, we deny plaintiffs the "license * * * to fish in judicial ponds for legal advice" thereon.[4] The points challenging the two garbage ordinances are overruled.

■ What we have said about the office of town marshal applies with equal force to the complaint as to the term of office of the mayor and aldermen of Vidor. No plaintiff asserts the right to hold any such office nor does any plaintiff assert that he was denied a place upon the ballot at any election thereto. In essence, this is a challenge of the right of the incumbents to hold the office to which they were elected and must be prosecuted in a suit in the nature of quo warranto. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, 269 (1922); *Hamman,* supra. Furthermore, the plaintiffs have failed to show that there is a justiciable controversy authorizing the court to entertain a suit for declaratory judgment. See authorities cited under the town marshal point, supra. This point is removed from our further consideration.

4. The quotation is from Anderson, Declaratory Judgments, 2d Ed., Vol. 1, p. 47 and taken from the Supreme Court opinion in *Puretex Lemon Juice,* supra.

5. In view of our determination of the question, we do not find it necessary to discuss further the divergent views of

We have now, finally, arrived at the point entitled to consideration under the record. Factually, plaintiffs base their case upon this syllogism:

(a) The original incorporation proceeded under Article 1133, V.A.C.S., for such was mentioned in the petition for the election, the order calling the election, and in the order declaring the results thereof;

(b) The County Judge having found in his orders that the town contained *more than* 5,000 inhabitants in April, 1960, conclusively established the fact that the town contained more than 5,000 inhabitants when Ordinance No. 4 was adopted in August, 1960;[5] and

(c) Since the town contained more than 5,000 inhabitants when created (and presumably more than 5,000 when Ordinance No. 4 was adopted), it could not take advantage of Article 961, V.A.C.S., and Ordinance No. 4 is invalid.

We accept, for the purpose of our discussion of the issue now reached, plaintiffs' contention that Vidor has, at all times since its original incorporation, contained more than 5,000 inhabitants and that its original incorporation was legal in all respects. The narrow question presented by this voluminous record now may be stated simply as follows:

May a town incorporated under the general laws of Texas, particularly Article 1133, which contains more than 5,000 inhabitants, by the adoption of an ordinance under Article 961, accept all of the provisions of the first ten chapters of Title 28, V.A.C.S.?

■ We answer in the affirmative, thereby upholding Ordinance No. 4 and, inferentially, the fourth and fifth "acts" of Vidor, supra.

the parties upon the effect which is to be given this finding of the County Judge. See in this connection, Williams v. Castleman, supra, wherein the court does discuss such findings. Cf. State ex rel. Rose v. City of La Porte, 386 S.W. 2d 782, 785 (Tex.Sup., 1965).

We are helped in our answer to the question which we have restated above by the clear opinion of the Dallas Court of Civil Appeals in Lusby v. Cozby, 402 S.W. 2d 799, 801 (Tex.Civ.App., 1966, no writ), analyzing the statutes governing cities and towns incorporated under the general laws. This was a case involving disannexation of property, but the reasoning of the court is applicable to our case. There the Town of Coppell had been incorporated under the general law, Chapter 11, Title 28 (Articles 1133–1153a), just as had Vidor in our case. There, as here, it had no authority to issue bonds or create debts or to levy taxes in excess of 25 cents on the one hundred dollar valuation, *before* accepting the provisions of Chapters 1 through 10 of Title 28, in accordance with the provisions of Article 961. City of Waxahachie v. Brown, 67 Tex. 519, 4 S.W. 207, 209 (1887).

However, once the acceptance of the provisions of Title 28 had been accomplished by the adoption of Ordinance No. 4, Vidor became invested with all of the rights, immunities, powers, privileges and franchises granted by Chapters 1 through 10 of Title 28, and subject to the duties and obligations flowing therefrom. Article 968, V.A.C.S. The adoption of Ordinance No. 4, if valid, greatly increased the power of the town council of Vidor, granting, among others, the power to levy taxes in excess of 25 cents on the one hundred dollar valuation and the power to create a debt. State ex rel. Rea v. Etheridge, 32 S.W.2d 828, 830 (Tex.Com.App., 1930).

But, plaintiffs contend that the ordinance so adopted was void because: (a) such a procedure cannot be utilized by any town or village having a population in excess of 5,000 inhabitants; and (b) the ordinance is defective in that it accepts the provisions of Title 28 only "insofar as its provisions are applicable to the City of Vidor."

There is no substance to the first contention so advanced. While Article 961 does provide for a minimum number of inhabitants in any incorporated municipality be-fore it can accept the provision of Title 28, there is no maximum number specified. In the broadest possible language, the statute includes *all* cities, towns, or villages containing 600 inhabitants *or over,* however legally incorporated. Plaintiffs' contention that since the incorporation of Vidor proceeded under Article 1133 with more than 5,000 inhabitants resident of the proposed town, it could only resort to the procedures of the Home Rule Amendment to achieve governmental power to operate the city, is untenable and is overruled. Lusby v. Cozby, supra; Chandler v. Saenz, supra.

In our opinion, the second contention is equally untenable. Ordinance No. 4 accepted Title 28 and the only limitation thereon is to be found in the phrase "insofar as its provisions are applicable to the City of Vidor." This language neither added to nor detracted from the unconditional acceptance of the whole title. If the provisions were applicable to Vidor, such were accepted; and, if inapplicable to Vidor, the question would always be moot. The included language is surplusage. Obviously, it was the intent of the council of Vidor to procure the necessary authorization to conduct the municipal affairs when it adopted Ordinance No. 4. Since the same rules of construction apply to municipal ordinances as apply to statutes [Reed v. City of Waco, 223 S.W.2d 247, 254 (Tex. Civ.App., 1949, error ref.)], "we should not interpret * * * [this ordinance] * * * so as to convict the * * * [council] * * * of foolish and futile action." State ex rel. Childress v. School District Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777, 781 (1951). There is no such similarity of facts as would require us to follow the Civil Appeals decision in City of Deer Park v. State ex rel. Shell Oil Co., 259 S.W.2d 284, 287 (1953), affirmed on other grounds, 154 Tex. 174, 275 S.W.2d 77 (1955).

But, plaintiffs further contend that there is a fatal discrepancy between

**682**

the date of the adoption of Ordinance No. 4 as shown upon the certified copy thereof introduced by Vidor and that shown on the copy filed for record in the office of the County Clerk. According to the record in this case, the ordinance was adopted on August 11, 1960; but, the copy filed with the County Clerk, also in our record, contains, as a part of the certification by the then City Secretary, a statement that it was adopted on August 19, 1960. We reject the contention since, as was said in Lusby v. Cozby, supra (402 S.W.2d at 803):

> "It is the council's action, not the evidence or record thereof, which actually accomplishes the transformation of the municipality from one category to another."

In any event, the contention is without merit because long after Vidor adopted Ordinance No. 4, and while it was engaged in the conduct of its municipal affairs under the powers conferred from its adoption, the Legislature, in 1965, passed a validating act (Article 974d–11, V.A.C.S.) removing any question as to such validity. See also Article 966d–1, V.A.C.S. Such validating acts are within the legislative power and entitled to a liberal construction. City of Deer Park v. State, supra (275 S.W.2d at 82); Perkins v. State, 367 S.W.2d 140, 145 (Tex.Sup., 1963). This validating act was effective long prior to the institution of this suit and removes any doubt as to the validity of Ordinance No. 4.

Our judgment in this cause should not be construed as upholding any particular tax levy, any particular series of time warrants, or any specific refunding bond issue. Such questions are not before us and nothing said herein shall be construed as validating any particular action taken by Vidor. What we hold is that the council accepted the provisions of Title 28, V.A.C.S. and that *potential* power and authority was thereby conferred upon the council to levy taxes in excess of 25 cents on the one hundred dollar valuation, to incur debt, etc.

Whether such potential power was properly exercised in any particular instance will be determined when and if that case comes before us.

The judgment of the trial court, being free of error, is affirmed.