**28**

STATE of Texas, ex rel. Victor ENGLE
et al., Appellants,

v.

CITY OF SAN ANTONIO, Texas, Appellee.

No. 15029.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 24, 1971.

Rehearing Denied Dec. 15, 1971.

Gray, Gardner, Robison & Cobb, San Antonio, for appellants.

Howard C. Walker, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for appellee.

BARROW, Chief Justice.

This is a suit in the nature of a quo warranto to set aside two annexation ordinances of the City of San Antonio.[1] The petition was filed on behalf of appellant Victor Engle and other unnamed residents of the unincorporated cities of Hills and Dales and Helotes by a private attorney. Neither the Attorney General nor the Bexar County District Attorney instituted or joined in the petition; however, Hon. Ted Butler, District Attorney of Bexar County, was joined by plaintiff Engle as an involuntary plaintiff under Rule 39, Texas Rules of Civil Procedure.

San Antonio's plea to the jurisdiction raised the question of whether the statutory requirement that a quo warranto proceeding must be instituted by the Attorney General, district or county attorney of the proper county or district, was met by the involuntary joinder of the Bexar County District Attorney. See Article 6253, Vernon's Annotated Civil Statutes. The trial court sustained San Antonio's plea to the jurisdiction and dismissed the petition. We affirm.

 In State ex rel. Bennett v. Clarendon Independent School District, 156 Tex. 542, 298 S.W.2d 111, 117 (1957), the Supreme Court recognized the well settled

---

1. The ordinances under attack here were the subject of prior litigation. See Fox Development Company v. City of San Antonio, 468 S.W.2d 338 (Tex.1971);

Hills and Dales v. Reeves, 459 S.W.2d 672 (Tex.Civ.App.—San Antonio 1970, writ dism'd).

rule ". . . that an officer authorized to file *quo warranto* suits cannot be compelled to do so against his will by mandamus brought by interested private parties." The principal reason for such rule is that the determination of the state officer not to file suits such as those in quo warranto is a matter of discretion on his part which cannot be controlled by private parties or courts. See also: Staples v. State, 112 Tex. 61, 245 S.W. 639 (1922); State ex rel. Steele v. Heath, 44 S.W.2d 398 (Tex.Civ.App.—Galveston 1931, writ ref'd).

A somewhat similar question was presented in Mulcahy v. Houston Steel Drum Company, 402 S.W.2d 817 (Tex. Civ.App.—Austin 1966, no writ), where a former stockholder appealed from an order striking his plea of intervention in a suit in the nature of a quo warranto proceeding. In affirming the judgment of the trial court, it was held that to permit this individual to assume a coparty status with the State would be clearly contrary to the basic rules of quo warranto actions.

In Adamson v. Connally, 112 S.W.2d 287 (Tex.Civ.App.—Eastland 1938, no writ), it was held that the court lacked jurisdiction where a petition in the nature of a quo warranto was not brought in the name of the State or by any of its officers, although the district attorney was made a party defendant.

■ It is clear that this suit in the nature of a quo warranto proceeding was required to be brought by one of State's authorized officers. Since filing of the petition was a matter of discretion with the District Attorney, Engle cannot be permitted to circumvent this discretion, and thereby the statutory requirement, by involuntary joinder of the District Attorney. The trial court properly sustained San Antonio's plea to the jurisdiction.

The judgment is affirmed.