Ben LEWIS, Relator,

v.

Conny DRAKE, Respondent.

No. 05–82–01030–CV.

Court of Appeals of Texas, Dallas.

Sept. 20, 1982.

William R. Allensworth, Gregory Lee Ceshker, Dallas, for relator.

Jeffrey W. Hurt, William H. Pool, Jr., Kenneth L. Campbell, Dallas, for respondent.

Before GUITTARD, C.J., and AKIN and ALLEN, JJ.

GUITTARD, Chief Justice.

In this original mandamus proceeding we are asked to declare that Jim Jackson, the elected county commissioner of precinct number one of Dallas County, vacated that office when he announced his candidacy for another office.[1] Relator Ben Lewis, candidate for the unexpired term of the commissioner, asserts that Jackson vacated the office because article 16, section 65, of the Texas Constitution provides that an announcement by certain officers for another office "shall constitute an automatic resignation of the office they hold." Jackson replies that at the time of his announcement and at all times until termination of his candidacy for the other office, the operation of section 65 had been suspended by the judgment of a United States district court,[2] although he recognizes that this judgment was later reversed by the Supreme Court of the United States.[3] He also contends that relator has no standing to raise this question in a petition for writ of mandamus. We conclude that mandamus is not available because the proper remedy to determine a vacancy in the office is an information by the State in the nature of

quo warranto under article 6253 of the Texas Revised Civil Statutes (Vernon 1970). Accordingly, we deny the writ of mandamus.

Relator alleges that he is the nominee of the Democratic Party for the office vacated by Jackson. His sworn petition states that on August 17, 1982, after the Supreme Court's decision of June 25, 1982, reversing the judgment of the United States district court,[4] the executive committee of the Democratic Party for commissioners precinct number one nominated him for the office. He further alleges that he has requested respondent Conny Drake, elections administrator of Dallas County, to certify his name for a place on the ballot for the general election to be held November 2, 1982, but that Drake has refused to do so. His petition names Drake as respondent and Jackson as the real party in interest, and asks this court to issue a writ of mandamus compelling Drake to certify his name. Jackson intervened, raising the questions above mentioned.

■ Relator cites no authority holding that mandamus is a proper remedy in the situation presented. The recognized procedure for determining whether a public officer has "done or suffered any act which by law works a forfeiture of his office" is an information in the nature of a quo warranto brought in the name of the State of Texas by the Attorney General or the district or county attorney of the proper district or county under authority of article 6253 of the Texas Revised Civil States (Vernon 1970). *Dean v. State,* 88 Tex. 290, 30 S.W. 1047, 1048 (1895); *Ex parte De Bland,* Dallam, 406–407 (Tex.1841); *Phagan v. State,* 510 S.W.2d 655, 662 (Tex.Civ.App.— Fort Worth 1974, writ ref'd n.r.e.); *McFarlin v. State,* 272 S.W.2d 630, 631 (Tex.Civ. App.—Waco 1954, writ ref'd n.r.e.); *Grif-*

1. No question is raised concerning our jurisdiction under Tex.Rev.Civ.Stat.Ann. art 1735a (Vernon Supp.1982).

2. *Fashing v. Moore,* 489 F.Supp. 471 (W.D.Tex. 1980); aff'd 631 F.2d 731 (5th Cir.1981), rev'd sub. nom., *Clements v. Fashing,* —— U.S. ——, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982).

3. *Clements v. Fashing,* —— U.S. ——, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982).

4. *Clements v. Fashing, supra.*

*fith v. State,* 216 S.W. 469, 470 (Tex.Civ. App.—El Paso 1919, no writ). That article provides in part:

> If any person shall usurp, intrude into or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or executes, any office ... *or any public officer shall have done or suffered any act which by law works a forfeiture of his office, ... the Attorney General, or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator,* may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue. [Emphasis added.]

■ Quo warranto is an ancient prerogative writ through which the State acts to protect itself and the good of the public generally through its chosen agents as provided by its constitution and laws, though sometimes it is brought at the instance of and for the benefit of a private individual who may have a special interest. *Staples v. State,* 112 Tex. 61, 245 S.W. 639, 640–41 (1922); *State v. City of Colleyville,* 519 S.W.2d 698, 700 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). Texas courts have held that mandamus is not a proper remedy when quo warranto is available. *Wells v. Commissioners Court,* 195 S.W. 608, 610 (Tex.Civ.App.—El Paso 1917, writ ref'd); *see Terrell v. Greene,* 88 Tex. 534, 31 S.W. 631, 636 (1895).

In injunction cases, also, quo warranto is held to be the exclusive remedy to challenge the authority of a public officer. *Williams v. Castleman,* 112 Tex. 193, 247 S.W. 263, 270 (1922); *Saenz v. Lackey,* 522 S.W.2d 237, 240 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Willborn v. Deans,* 240 S.W.2d 791, 793 (Tex.Civ.App.—Austin 1951, writ ref'd). The same rule is applied when a declaratory judgment is sought.

*Bean v. Town of Vidor,* 440 S.W.2d 676, 680 (Tex.Civ.App.—Beaumont 1969, writ ref'd n.r.e.); *Hamman v. Hayes,* 391 S.W.2d 73, 74 (Tex.Civ.App.—Beaumont 1965, writ ref'd).

Whenever such an issue has been raised in a suit seeking relief other than to determine the authority of the person in question to act as a public officer (as here to require certification of relator's name on the ballot), the courts have held that the authority of the officer may only be questioned in quo warranto. *Walker v. State,* 146 Tex.Cr.R. 138, 171 S.W.2d 887, 888 (1943); *Toyah Ind. Sch. Dist. v. Pecos-Barstow Consolidated Ind. Sch. Dist.,* 497 S.W.2d 455, 457 (Tex. Civ.App.—El Paso 1973, writ ref'd n.r.e.), *cert. denied,* 415 U.S. 991, 94 S.Ct. 1590, 39 L.Ed.2d 887 (1974); *Smith v. Horton,* 134 S.W.2d 320, 321 (Tex.Civ.App.—San Antonio 1939, no writ).

■ Two exceptions have been recognized to the rule that the issue may be raised only in quo warranto. One is a statutory election contest to determine the correct result of an election. *Shaw v. Taylor,* 146 S.W.2d 452, 454 (Tex.Civ.App.—Beaumont 1940, no writ). The other is a suit for title to an office by one claiming to be presently qualified to hold it. *Bradley v. McCrabb,* Dallam 504, 506–07 (Tex.1843); *Ramirez v. Flores,* 505 S.W.2d 406, 411–13 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). Neither of those situations is presented here.

As authority supporting the availability of mandamus, relator cites *Sterrett v. Morgan,* 294 S.W.2d 201 (Tex.Civ.App.—Dallas 1956, no writ). There the judge of a county court at law had resigned, leaving more than two years of his term remaining. The commissioners court appointed a successor. The relator announced his candidacy for the unexpired term and sought mandamus to certify his name on the ballot at the next general election. This court held that the writ was properly granted because the applicable statute authorized the commissioners court to fill the vacancy only "until the next general election." No question was raised in that case as to whether any officer

had "done or suffered any act which by law works a forfeiture of his office." Neither was any question raised as to whether the appointee had usurped, intruded or unlawfully held or executed the office in question. Consequently, the remedy of quo warranto was apparently not available and was not mentioned in the court's opinion.

■ The general rule that the issue of whether a public officer has vacated his office may be raised only by an information in the nature of quo warranto is not a petty legal technicality. The principle is of great public importance. Public officers should be free to perform their duties without having their authority questioned incidentally in litigation between other parties. They should not be called on to defend their authority unless a proper legal officer of the State has determined that the question raised is serious and deserves judicial consideration as required by article 6253. This settled policy of the State is exemplified by cases holding that the decision of the Attorney General or the district or county attorney to present the information under that statute is a matter of discretion to be exercised for the protection of the public and cannot be controlled by mandamus. *State v. Clarendon Ind. Sch. Dist.,* 156 Tex. 542, 298 S.W.2d 111, 117–18 (1957); *State v. City of San Antonio,* 474 S.W.2d 28 (Tex.Civ. App.—San Antonio 1971, writ ref'd n.r.e.); *Robinson v. El Sauz Ind. Sch. Dist.,* 40 S.W.2d 934 (Tex.Civ.App.—San Antonio 1931, writ ref'd). The writ of mandamus sought in this case would be directly contrary to that policy. Consequently, the writ is denied.

Since the time for printing the ballots for the general election is imminent, no motion for rehearing will be entertained.

Writ of mandamus denied.