

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 18, 1984

Honorable Michael J. Guarino
Criminal District Attorney
Galveston County
405 County. Courthouse
Galveston, Texas   77550

Opinion No. JM-169

Re:  Whether a village which
has become a town pursuant to
article 961, V.T.C.S., may
revert to village status, and
related questions

Dear Mr. Guarino:

You have posed several questions about the legal status of
Dickinson, Texas, which was originally incorporated as a village
pursuant to chapter 11, Title 28, of the Revised Civil Statutes,
article 1133, et seq., V.T.C.S.  In 1982, the village board of
aldermen unanimously passed an ordinance adopting chapters 1-10 of
Title 28 as its governing body of law (rather than chapter 11) and
filed it of record with the Galveston county clerk.  Subsequently, you
advise, a newly elected board of aldermen passed an ordinance
purporting to repeal the previous ordinance and thereby return
Dickinson to "village" status.  Your questions concern the effect of
the ordinances.

Texas statutes allow the incorporation of a community under
chapter 11 if the number of inhabitants is more than two hundred but
less than ten thousand.  V.T.C.S. art. 1133.  A town so incorporated
(which may be called a "village" instead of a "town" without
diminishing its powers) becomes "invested with all the rights incident
to such corporation under this chapter" [chapter 11].  V.T.C.S. art.
1140.  Towns incorporated under chapter 11 have powers more limited
than those organized under chapters 1 through 10 of Title 28 (which
may be called "cities" instead of "towns" without enlarging their
powers).  V.T.C.S. art. 1153a.  Towns established under chapters 1-10
are also subject to different organizational requirements.  See City
of Waxahachie v. Brown, 4 S.W. 207 (Tex. 1887); Chandler v. Saenz, 315
S.W.2d 87 (Tex. Civ. App. – San Antonio 1958, writ ref'd n.r.e.).

Municipal corporations organized under either set of provisions
are broadly considered "general law cities" to distinguish them from
"home rule" cities that are organized pursuant to article XI, section
5, of the Texas Constitution, because home rule cities possess greater
powers.  V.T.C.S. art. 1165.  See Forewood v. City of Taylor, 214
S.W.2d 282 (Tex. 1948).  Unlike home rule cities, general law cities

have only those powers given them by the legislature. See 40 Tex. Jur. 2d Municipal Corporations, §318 at 78.

The legislature has given villages organized under chapter 11 [if they have 600 or more inhabitants] the power to choose to become towns governed by chapters 1-10, V.T.C.S., art. 961; Bean v. Town of Vidor, 440 S.W.2d 676 (Tex. Civ. App. - Beaumont 1969, writ ref'd n.r.e.); Lusby v. Cozby, 402 S.W.2d 799 (Tex. Civ. App. - Dallas 1966, no writ). Once chapter 1-10 towns have been established, however, they have no corresponding power to revert to chapter 11 status.

Article 961, granting the powers to reorganize under chapter 1-10, reads in pertinent part:

> Any incorporated city, town or village in this State containing six hundred inhabitants or over, however legally incorporated . . . may accept the provisions of this title relating to cities and towns, in lieu of any existing charter, by a two-thirds vote of the council of such city, town or village, had at a regular meeting thereof, and entered upon the journal of their proceedings, and a copy of the same signed by the mayor and attested by the clerk or secretary under the corporate seal, filed and recorded in the office of the county clerk in which such city, town or village is situated, and the provisions of this title shall be in force, and all acts theretofore passed incorporating said city, town or village which may be in force by virtue of any existing charter, shall be repealed from and after the filing of said copy of their proceedings, as aforesaid. When such city, town or village is so incorporated as herein provided, the same shall be known as a city or town, subject to the provisions of this title relating to cities and towns, and vested with all the rights, powers, privileges and immunities and franchises therein conferred . . . . (Emphasis added).

We believe it is clear that the board of aldermen possessed the authority to accept for the village the benefits and responsibilities of chapters 1 through 10 of Title 28. When it did, the village of Dickinson, ipso facto, ceased to exist as a corporate entity authorized by chapter 11, and instantly became one organized under chapters 1 through 10. V.T.C.S. art. 962; Lusby v. Cozby, supra at 803.

When the vote was taken that purported to return Dickinson to chapter 11 status, the town had already become a municipal corporation controlled by chapters 1 through 10 of Title 28. Since there is no legislatively permitted procedure allowing such a reversion to chapter

11 status, the vote was a nullity. See Lum v. City of Bowie, 18 S.W. 142 (Tex. 1891); Largen v. State ex rel. Abney, 13 S.W. 161 (Tex. 1890). Cf. Harness v. State, 13 S.W. 535 (Tex. 1890). As noted in a useful brief submitted on the question, a general law city can exercise only those powers that are expressly or impliedly conferred by law, and any substantial doubt about such authority is resolved against the municipality. See State ex rel. Rea v. Etheridge, 32 S.W.2d 828 (Tex. Comm'n App. 1930); City of West Lake Hills v. Westwood Legal Defense Fund, 598 S.W.2d 681 (Tex. Civ. App. - Waco 1980, no writ).

Your specific questions are therefore answered as follows:

> 1. Did the board of aldermen, in their December 1982 action, err in passing Ordinance 63-82 to adopt chapters 1-10, Title 28, since the provisions of article 961 requires entering the vote on the journal of their proceedings?

It is the action of the board, not the evidence or record thereof, that accomplishes the transformation of the municipality from one category to another. Lusby v. Cozby, supra. Minutes of the meeting can be corrected to make them speak the truth. City of Electra v. American La France & Foamite Industry, Inc., 133 S.W.2d 223 (Tex. Civ. App. - Fort Worth 1939, writ dism'd judmt cor.); 39 Tex. Jur. 2d Municipal Corporations §140, at 524. Although article 961, V.T.C.S., would apparently allow the adoption of chapters 1-10 by resolution rather than by ordinance, it requires only that the action be taken by a two-thirds vote of the governing body. An ordinance will serve. Lusby v. Cozby, supra.

> 2. Under the authority to repeal ordinances granted to city council in article 1011, V.T.C.S., can city council repeal Ordinance 63-82?

As discussed above, once the adoption of chapters 1-10 was complete, the action taken could not be rescinded.

> 3. In as much as no reference is made to a 2/3 majority vote in article 1011, where power to rescind ordinances is granted, is other than a simple majority vote required to rescind Ordinance 63-82?

Again, Ordinance 63-82 cannot be rescinded.

> 4. Would the rescinding of Ordinance 63-82 return the corporation to the village status as existed prior to the adoption of Ordinance 63-82 in December 1982?

No.

5. Assuming the proper procedures outlined in article 961 are followed in establishing a general law city under chapters 1-10, Title 28, are there any statutory provisions allowing a return to a chapter 11 village?

Dickinson can become a village again only by dissolving its present corporation pursuant to article 1241, V.T.C.S., and reincorporating under article 1133, V.T.C.S. Lum v. City of Bowie, supra at 144.

6. As a result of the action taken on December 14, 1982, and the rescinding action taken on May 3, 1983, has Dickinson returned to a village?

No.

## S U M M A R Y

The city of Dickinson currently has the legal status of a town or city operating under chapters 1 through 10 of Title 28 of the Revised Civil Statutes, and may not revert to village status under chapter 11 thereof. To regain village status, it must dissolve its present corporation and reincorporate as a village.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood