

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 29, 1997

The Honorable James Warren Smith, Jr.
Frio County Attorney
500 East San Antonio, Box 1
Pearsall, Texas 78061-3100

Opinion No. DM-431

Re: Whether a county is authorized to reimburse attorney's fees incurred in defending an election contest suit to a candidate for a political party's nomination for sheriff (RQ-914)

Dear Mr. Smith:

You ask whether Frio County (the "county") is authorized to reimburse the sheriff for attorney's fees he incurred in defending an election contest suit. You explain that the incumbent sheriff had several opponents in the March 1996 Democratic Party primary election and "was forced into a [r]un-[o]ff [e]lection in April, 1996." The victor of the runoff election was to run unopposed in the November 1996 general election. The incumbent sheriff prevailed over his opponent by 168 votes. The opponent filed an election contest against the sheriff. The sheriff was represented by private counsel and you represented the county clerk as an "unnamed defendant/contestee." The lawsuit was resolved in favor of the incumbent sheriff, but the court explicitly refused to award attorney's fees to the prevailing party. The sheriff's attorney has now presented a claim to the county on behalf of the sheriff seeking reimbursement for his attorney's fees in the election contest suit.

We agree with your analysis that none of the statutes you mention requires the county to reimburse the sheriff for his attorney's fees in the election contest.[1] Moreover, we believe that the county is prohibited from doing so by the Texas Constitution, see Tex. Const. art. III, §§ 50, 51, 52, which limits the authority of a governmental entity to employ counsel to situations where legitimate interests of the governmental entity, not just the personal interests of an officer or employee, require assertion of a legal defense. Attorney General Opinion DM-107 (1992) at 3. As a general matter, the nature of the interests at stake involves questions of fact and therefore this office usually defers to the governmental entity to decide in the first instance whether the matter at issue in a particular lawsuit concerns the interests of the governmental entity or whether the expenditure of public funds would only benefit the officer or employee. Id. at 4. For the reasons stated below, however, we

---

[1]Civil Practice and Remedies Code chapter 38 governs recovery of attorney's fees in a civil action and is not applicable to the sheriff's submission of his claim for reimbursement to the county. Civil Practice and Remedies Code section 102.002 authorizes a local government to pay actual damages and attorney's fees awarded against an employee or officer if the damages or fee award "result from an act or omission . . . in the course and scope of . . . employment for the local government [and] arise from a cause of action for negligence." Civ. Prac. & Rem. Code § 102.002(a)(1), (2). The election contest does not arise from the sheriff's official duties nor is it a cause of action for negligence. Similarly, Local Government Code section 157.903, which authorizes a county to indemnify a county officer against personal liability for loss of county funds or loss of or damage to personal property, is inapplicable to the situation at issue. See also note 2 infra.

believe election contests involve personal interests of the candidate, not interests of the governmental entity or the public interest, and that a governmental entity will always be precluded from paying for the attorney's fees of an official in an election contest, or reimbursing an official for such attorney's fees, as a matter of law.

In Attorney General Opinion JM-685, this office considered whether a school district was authorized to expend public funds to defend a school board member in an election contest suit. This office concluded that the election contest against the successful school board member candidate did not involve the legitimate interest of the school board. First, the opinion noted, a successful candidate who is the subject of an election contest takes office and is entitled to occupy the office pending the resolution of the suit. *See* Attorney General Opinion JM-685 (1987) at 2-3 (citing Elec. Code § 221.015). Therefore, the election contest did not affect the ability of the school board to convene a quorum or otherwise conduct its business. Second, and more importantly, this office opined that "[t]he election contest in this case is the last step of the process by which an individual establishes that he has been elected trustee. It is difficult to justify on any grounds a school district's financial support of one contender in an election contest. The courts of other states have held that an individual officer's legal expenses in an election contest may not be paid from public funds." *Id.* at 4; *see also id.* at 4-5 (citing cases from other jurisdictions).

Although we have found no Texas case directly on point, *Chandler v. Saenz*, 315 S.W.2d 87 (Tex. Civ. App.–San Antonio 1958, writ ref'd n.r.e.), also recognizes this principle. In allowing the city council to use city funds to pay attorney's fees in the defense of a suit disputing the proper statute governing the election of city officers, the court stated: "This is not an election contest between parties as individuals, but a suit for injunction against the governing body of said city, the effect of which would be to disqualify and remove from office a majority of the city alderman and thereby disrupt the lawful functions of the city council." *Id.* at 89-90.

Here, as in Attorney General Opinion JM-685, the arguments for the position that the election contest involved legitimate interests of the county as opposed to the sheriff's personal interests as a candidate for office are not persuasive and thus ultimately support our conclusion that reimbursement of officials for attorney's fees incurred in election contests from public funds is impermissible as a matter of law. In his letter requesting reimbursement from the county, the sheriff's attorney suggests that the sheriff, as an incumbent who had been "reelected" by the voters in the runoff, was "obliged" to defend his position. As Attorney General Opinion JM-685 suggests, however, an election contest of a primary election or runoff is the last step of the process by which an individual runs for party nomination and establishes that he is the party nominee. The sheriff was no more legally obliged to defend the election contest than he was to run for election or reelection, and the election contest did not involve interests of the sheriff as a county official but rather as a candidate for office.

The sheriff's attorney also argues that the election contest involved legitimate interests of the county because the contestant attacked the county clerk, election supervisor, and other county officials. These individuals were not parties to the suit and there was no possibility of a judgment against them or the county. Furthermore, we note that you filed an answer on behalf of the county

clerk as an "unnamed defendant/contestee" and therefore appear to have represented any interests of the county in the suit.

Finally, the argument that the sheriff's successful defense of the suit saved the county the expense of holding a new runoff election must fail. In any election contest, it is the interest of the authority holding the election that justice be served, not that one candidate prevail over another. In this case, as in all others, it would have served the electorate's interests, and thus county's interests, to hold a new runoff election if the court had found a basis to void the contested election.[2]

## S U M M A R Y

A county is prohibited from reimbursing a candidate for a political party's nomination for sheriff for attorney's fees incurred in defending an election contest suit. *See* Tex. Const. art. III, §§ 50, 51, 52.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

[2]The sheriff's *quantum meruit* argument must fail because, as we have established, his attorneys did not perform services that benefited the county. Furthermore, even if the county could be said to have entered into an implied contract to pay for the attorneys' services in the election contest, it was constitutionally prohibited from doing so.