[No. 25999. Department One. April 20, 1936.]

THE STATE OF WASHINGTON, *on the Relation of W. B. Richardson, as Probation Officer of Clark County, Respondent,* v. CLARK COUNTY *et al., Appellants.*[1]

*McMullen & Snider* and *Albert M. Nanney,* for appellants.

*Eugene G. Cushing,* for respondent.

[1]Reported in 56 P. (2d) 1023.

GERAGHTY, J.—In this action, the relator, probation officer for Clark county, sought a peremptory writ of mandate requiring the issue and delivery to him, by the respondent auditor of Clark county, of a warrant in the sum of $61.75, alleged to be due him for the operation of his automobile, at the rate of five cents per mile, in the necessary performance of services as probation officer, during the month of August, 1935.

In his affidavit, the relator alleges that the county commissioners of Clark county appropriated and set apart in the county budget for the year 1935 the sum of six hundred dollars to cover the transportation and mileage of the probation officer during the year 1935; that the whole sum so budgeted had been spent by the end of July, and that there were not sufficient funds remaining in the budget to pay the amount of his expenses incurred during the month of August, for which he sought the warrant. He alleges that, upon the exhaustion of the fund, it became necessary and proper to create an emergency for the purpose of providing additional funds from which to pay his claim, and such other and necessary claims as might be presented by him, for the mileage necessarily traveled in the performance of his official duties for the remainder of the year 1935; which circumstances creating the necessity for an emergency appropriation could not reasonably have been foreseen at the time of making the 1935 budget.

He alleges that, on September 9, 1935, a written order for payment of his claim was issued by the judge of the Clark county juvenile court, directing the auditor to draw his warrant upon the treasurer for the amount of the specified expense; that the auditor, "unnecessarily, capriciously, and without cause or reason therefor," presented the order of the judge to the board of county commissioners for approval,

and that the board "failed, neglected and refused" to allow his claim for mileage and refused to recognize the order of the court and to pass an emergency therefor.

Relator alleges that he has been satisfactorily performing his duties for many years last past; that it is necessary for him to travel extensively in investigating and taking into custody juvenile delinquents and dependents, and that it is impossible to predetermine or fix the amount of travel or mileage necessary and incident to the performance of such duties; that it is necessary for him to be provided with his reasonable and proper transportation to perform his duties; and that the respondent auditor has neglected and refused to draw a warrant upon the county treasurer for the month of August, 1935.

The auditor demurred to the affidavit, upon the ground that it did not state facts sufficient to constitute a cause of action or entitle relator to the relief sought therein. The demurrer was overruled by the trial court, and, the respondent declining to plead further, a judgment was entered, directing the issue of the peremptory writ as prayed for. This appeal follows.

The auditor contends that the court erred in issuing the writ because (1) the probation officer's claim for expenses was required to be allowed by the board of county commissioners; (2) the county budget law prohibited the drawing of warrants for payment of any expenditure in excess of the budget appropriation; and (3) the relator had not secured a valid order of a court of competent jurisdiction authorizing and directing the drawing of a warrant for the payment of his claim.

Chapter 136, Laws of 1933, p. 477, § 6, provides:

"All county officers shall be entitled to their necessary reasonable traveling expenses in the performance of their official duties, bills therefor to be audited by the county commissioners: *Provided,* That when using their own cars, they shall be allowed not to exceed five cents (5) per mile for each mile of necessary travel." Rem. 1933 Sup., § 4200-5a [P. C. § 1567-16].

The relator contends that he is not within the terms of this general law, because his office was created under a special act. Laws of 1913, p. 520, as amended by Laws of 1921, p. 148, and Laws of 1929, p. 437, now embodied in Rem. Rev. Stat., §§ 1987-1 to 1987-18 [P. C. §§ 593 to 610].

Section 1987-3 [P. C. § 595] provides for the designation by the judge of the juvenile court of one or more discreet characters to serve as probation officers during the pleasure of the court, to receive no compensation from the public treasury. It is provided in the section, however, that,

". . . in counties containing twenty thousand or more inhabitants when it shall appear that there is a necessity for such *county officer,* the court may appoint one or more persons to act as probation officers, and one or more persons who shall have charge of detention rooms or house of detention, all of whom shall be paid as compensation for their services, such sums as may be fixed by the board of county commissioners, and who shall be paid as other county officers are paid; . . ." (Italics ours.)

Section 1987-4 [P. C. § 596] provides:

"The probation officers, and assistant probation officers, and deputy probation officers in all counties of the state shall be allowed such necessary incidental expenses as may be authorized by the judge of the juvenile court, and the same shall be a charge upon the county in which the court appointing them has jurisdiction, and the expenses shall be paid out of the county treasury upon a written order of the judge of

the juvenile court of said county directing the county auditor to draw his warrant upon the county treasurer for the specified amount of such expenses.''

It is unnecessary to decide whether the compensation for the salaried probation officers, as provided for by § 1987-3, to be fixed by the county commissioners in the larger counties, includes the allowance of expenses. In any event, the probation officers are county officers and within the provisions of chapter 136, Laws of 1933, p. 477, Rem. 1933 Sup., § 4200-5a [P. C. § 1567-16], unless, as contended by relator, the probation law is unmodified by this later act. We are unable to agree with this contention. That part of § 6 of the 1933 law which we have quoted declares a broad policy, applicable by its terms to ''all county officers.'' This term includes the probation officer. Probation officers are within the purpose of the statute, and, its terms being all-inclusive, there is no reason why it should be given a strained construction in order to exclude them.

But if we were to hold the 1933 law inapplicable to the probation officers, it would not help the relator's case, because, in our view, the county budget law is controlling. By Rem. Rev. Stat., § 3997-1 [P. C. § 1652-1], it is provided:

''On or before the second Monday in July of each year the county auditor of each county shall notify in writing each county official, elective or appointive, in charge of an office, department, service or institution of the county, to file with said auditor on or before the second Monday in August thereafter detailed and itemized estimates, both of the probable revenues from sources other than taxation, and of all expenditures required by such office, department, service or institution for the ensuing fiscal year. . . .''

Upon receipt of the estimates, the auditor is required to submit the preliminary budget to the county commissioners, who, in turn, are to give notice of the hear-

84

ing thereon for the purpose of fixing the final budget and making tax levies, set for the first Monday in October. Rem. Rev. Stat., § 3997-3 [P. C. § 1652-3].

At the appointed time, the hearing is had, whereat any taxpayer may appear and be heard for or against any part of such budget. Upon the conclusion of the hearing, the commissioners are required to fix and determine each item of the budget separately and, by resolution, adopt the budget so finally determined. Thereupon, the commissioners are required to fix the amount of levies necessary to raise the amount of the estimated expenditures required to be raised by taxation. Rem. Rev. Stat., § 3997-4 [P. C. § 1652-4].

Section 3997-5 [P. C. § 1652-5] provides:

"The estimates of expenditures itemized and classified as required in section 3997-2 hereof and as finally fixed and adopted in detail by said board of county commissioners shall constitute the appropriations for the county for the ensuing fiscal year; *and the county commissioners and every other county official shall be limited in the making of expenditures and/or the incurring of liabilities to the amount of such detailed appropriation items or classes respectively; . . ."* (Italics ours.)

It also provides:

"Expenditures made, liabilities incurred or warrants issued in excess of any of the detailed budget appropriations . . . shall not be a liability of the county *but the official making or incurring such expenditure or issuing such warrant shall be liable therefor personally and upon his official bond. The county auditor shall issue no warrant and the county commissioners shall approve no claim for any expenditure in excess of said detailed budget appropriation . . .* except upon an order of a court of competent jurisdiction, or for emergencies as hereinafter provided. . . ." (Italics ours.)

Section 3997-6 [P. C. § 1652-6] provides for the issu-

ing of warrants by the county commissioners to meet two classes of emergencies defined in the statute.

Here, the county commissioners issued no emergency warrant. Indeed, their failure to do so is one of the grievances of the relator. But the issue of emergency warrants is discretionary with the county commissioners, and their action in respect to such warrants is hedged about with restrictions and limitations tending to protect against an abuse of the power.

As shown by his affidavit, the relator had been in office several years before the making of the budget for the year 1935. In prior years, he had driven a car supplied by the county and had kept no track of the expense of its maintenance. In 1935, the commissioners determined to require all county officials, with two exceptions, to supply their own cars, for the operation of which they would be allowed compensation at the rate of five cents per mile necessarily traveled in the county's business.

Conforming to this rule, the relator supplied his own car. He urges as an excuse for the insufficiency of the budget allowance that, since he had not theretofore kept an account of his expenses, he was unable to accurately measure his requirements for the year 1935 in preparing his budget estimate. This explanation was one to be addressed to the discretion of the county commissioners, but is no legal basis for his unauthorized expenditure of money in excess of his appropriation.

The relator contends that the order made by the juvenile judge, in approving and ordering his claim to be paid, is an order "of a court of competent jurisdiction." Manifestly, this phrase refers to judgments and orders of a court made in ordinary course in some proceeding establishing the liability of the county. The approval of the relator's expense account and direction

to the auditor, was the ministerial act of the juvenile judge, and not a court order or judgment in the sense contemplated by the statute.

We see no merit in the relator's contention that the county auditor, as a mere ministerial officer, could not refuse to issue a warrant on the direction of the judge of the juvenile court. The provisions of the budget law to which we have referred make all warrants for expenditures in excess of the budget allowance illegal and specially enjoin the county auditor from issuing any such warrant and the county commissioners from approving any claim in excess of the budget, except in respect of emergency warrants and warrants issued in satisfaction of the order of a court of competent jurisdiction. It was, therefore, not only the right, but the duty, of the auditor to refuse to issue the warrant to relator.

It is our conclusion that the allegations of relator's affidavit did not entitle him to the peremptory writ.

The judgment of the superior court is, therefore, reversed, and the case remanded with direction to dismiss.

MILLARD, C. J., TOLMAN, MITCHELL, and STEINERT, JJ., concur.