# IN THE MATTER OF THE MERCER COUNTY PROBATION DEPARTMENT.

Superior Court of New Jersey
Appellate Division

Argued March 16, 1970—Decided March 20, 1970.

314

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Mr. Peter Fless, Jr.,* argued the cause for appellant.

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause as *amicus curiae* (*Mr. Arthur J. Sills,* Attorney General, attorney; *Mrs. Priscilla Read Chenoweth,* Deputy Attorney General, on the brief).

*Mr. Harvey L. Stern* filed a statement in lieu of brief on behalf of respondent Mercer County.

GOLDMANN, P. J. A. D. The notice of appeal in this case was filed on behalf of the "Probation Officers of the Mercer County Probation Department." No individuals are named, and there is nothing to suggest that they appeal as an organized unit. We nonetheless proceed directly to deal with the matter on the merits.

This appeal is addressed to an "order" of Judge Moore who, on behalf of the judges of the Mercer County Court, ordered certain changes in the reimbursement to be paid probation officers for the use of their cars for Probation Department business.

Mercer County at one time had a policy of providing its probation officers with county automobiles for use in the course of their work. In January 1965 the officers were notified that they would henceforth be obliged to provide their own vehicles, on which it was required there be certain minimum insurance coverage. A subsequent memorandum added that they would receive 9¢ a mile to offset their

operating costs and \$30–\$40 annually to offset the additional insurance costs, although it appears that this figure was later raised to \$100. In early 1969 there were discussions concerning a modification of the existing procedure. By what was captioned a County Court "order," Judge Moore directed that after May 1, 1969 probation officers would receive 12¢ a mile for the use of their automobiles, or a minimum of \$20 a month, whichever was greater. No separate provision was made for additional insurance costs.

The probation officers claim that this directive was a valid court order and hence appealable. Substantively, they urge that their terms of employment were unilaterally altered, in violation of Civil Service regulations and the statutory grants of power. Alternatively, it is argued that the new payment schedule is invalid for failing to provide for fair and adequate reimbursement of expenses incurred in the course of employment.

Appellants first point out that the power to appoint probation officers is vested solely in the County Court judges. *N. J. S. A.* 2A:168–5. Further, *N. J. S. A.* 2A:168–8 authorizes the judges to fix officers' salaries and to provide for their "necessary and reasonable expenses." Essentially, appellants contend that since the directives relating to working conditions made pursuant to statute "mandate a given course of action," they are valid court orders, the violations of which are punishable by contempt proceedings. Accordingly, appellants argue that they have a right of appeal from the administrative "order" issued below.

The Attorney General concedes that the county judges are appellants' "employers." He argues that the so-called "order" was simply an administrative directive, not part of any formal proceedings, and thus not properly appealable to this court. In other words, there is not a justiciable question before us for resolution. We agree.

Appeals from the County Court may be taken as of right only from a "final judgment." *R.* 2:2–3(a)(1), formerly *R. R.* 2:2–1(b). It would be incongruous to argue

that an administrative directive, although made in the form of a court order, dealing with internal working conditions of the judicial system and not as part of any formal proceedings, can be adjudged a "final judgment" as regards appealability. *Cf. State ex rel. Richardson v. Clark County,* 186 *Wash.* 79, 56 *P.* 2d 1023, 1025 (Sup. Ct. 1936). Further, it might be noted that *N. J. S. A.* 2A:168–5 provides that the hiring of probation officers shall be in the form of a written "order of appointment" by the county judge, but it can hardly be urged with any semblance of plausibility that such an "order" would be appealable. In sum, the directive, although expressed as a court order, was clearly only an administrative directive and not appealable under *R.* 2:2–3(a)(1).

█ It may be observed that earlier cases dealing with the appointment and working conditions of probation officers were first directed to the Department of Civil Service or its predecessor, and not to the Appellate Division. This was the appropriate route for appellants to follow. See generally, *Vanderwart v. Dept. of Civil Service,* 19 *N. J.* 341 (1955); *Falcey v. Civil Service Comm'n.,* 16 *N. J.* 117 (1954); *Walsh v. Dept. of Civil Service,* 32 *N. J. Super.* 39 (App. Div. 1954).

In view of the above, we need not address ourselves to the secondary question raised by appellants with regard to the reimbursement of actual expenses incurred in the use of their cars for probation office business.

Appeal dismissed.