

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 4, 1975

The Honorable John F. Perry
County Attorney
Hopkins County Courthouse
Sulphur Springs, Texas 75482

Opinion No. H- 544

Re: Liability of a county for
the expenses of a court of
inquiry.

The Honorable Henry Wade
District Attorney
Sixth Floor Records Bldg.
Dallas, Texas 75202

Gentlemen:

Each of you has requested our opinion on questions concerning
expenses growing out of a court of inquiry.

Mr. Perry asks:

Is a county obligated to pay reasonable and
necessary expenses incurred in preparation for
a court of inquiry?

Mr. Wade asks:

Is Dallas County required to pay for the original
transcription of the statement of facts of evidence
taken at a court of inquiry?

Is the fee to the Court Reporter of $1.50 per page
for an original and a copy a reasonable fee, and a fee
which the District Judge within his discretion may
order the County Commissioners Court to pay?

Must Dallas County pay for the services of a special
prosecutor appointed by the judge of a court of inquiry
to conduct the court of inquiry?

All of these questions relate to the authority of a district judge to obligate the county to pay expenses growing out of a court of inquiry. We note that a county judge is also authorized to conduct courts of inquiry, and thus the answer is applicable to either of these officials conducting a court of inquiry in his capacity as a magistrate. Code Crim. Proc. art. 52.01.

The rule is that the commissioners court is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise provided by statute. Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941). In this case, the Texas Supreme Court held that the sheriff has no authority to hire or fire necessary courthouse and jail employees, reversing a court of civil appeals' determination that the duty to have charge and control of courthouse and jail includes the right to employ necessary employees to assist him.

The following cases illustrate the application of the rule: Willacy County v. Valley Baptist Hospital, 29 S.W.2d 456 (Tex. Civ. App. --San Antonio 1930, no writ hist.) (county judge could not authorize employment of other than county health officer for injured person without authority from commissioners court); Collin County v. Schultz, 243 S.W. 609 (Tex. Civ. App. --Texarkana 1922, no writ hist.) (county school trustees without authority to obligate county to pay for school redistricting maps, even though under duty to redistrict); Sparks v. Kaufman County, 194 S.W. 605 (Tex. Civ. App. --Dallas 1917, writ ref'd) (county clerk without authority to obligate county to pay for typewriter or stamps, even though necessary to conduct office); American Disinfecting Co. v. Freestone County, 193 S.W. 440 (Tex. Civ. App. --Dallas 1917, no writ hist.) (sheriff has no authority to obligate county to pay for disinfectant used in discharging duties to keep courthouse and jail sanitary); Germo Mfg. Co. v. Coleman County, 184 S.W. 1063 (Tex. Civ. App. --Austin 1916, no writ hist.) (sheriff, no authority to obligate for disinfectant); and Fayette County v. Krause, 73 S.W. 51 (Tex. Civ. App.-1903, writ ref'd) (individual commissioners may not obligate county on contract).

In light of this rule and these authorities, the answers to your questions depend on whether statutory authority exists for the judge conducting the court of inquiry to obligate the county to pay the expenses in question.

Chapter 52 of the Code of Criminal Procedure authorizes the conduct of courts of inquiry. The only provision relating to expenses is article 52.09, which states:

> All costs incurred in conducting a Court of
> Inquiry shall be borne by the county in which said
> Court of Inquiry is conducted; provided, however,
> that where the Attorney General of Texas has
> submitted a request in writing to the judge for the
> holding of such Court of Inquiry, then and in that
> event the costs shall be borne by the State of Texas
> and shall be taxed to the attorney general and paid
> in the same [sic] and from the same funds as other
> court costs.

The word "costs" is not defined in the Code of Criminal Procedure, but it is used in other provisions of the Code to refer to statutorily prescribed fees which may be taxed to a convicted defendant or the State such as those allowed a peace officer for summoning witnesses and executing criminal process. See e.g., Code Crim. Proc. art. 53.01, et seq., and Code Crim. Proc. arts 1001-1081. The reference in article 52.09 to the obligation of the State to pay costs of courts of inquiry initiated by the Attorney General "from the same funds as other court costs" indicates that the Legislature used the term "costs" in this limited sense.

Thus, it is clear that a county is obligated to pay the "costs," i.e., statutorily prescribed fees incurred in conducting a court of inquiry.

Article 52.07 of the Code of Criminal Procedure requires that a transcript be made but does not specify a fee for such service:

> All evidence taken at a Court of Inquiry shall be
> transcribed by the court reporter and proceedings
> shall be open to the public.

Article 11.07 of the Code of Criminal Procedure requires a court reporter to prepare a statement of facts in a hearing on a writ of habeas corpus but the statute fails to provide for payment in the case of an indigent petitioner. In Attorney General Opinion H-69 (1973) we held that the court reporter is entitled to be compensated by the county or state for preparing the transcript.

This office has held on several occasions that the cost of preparing a transcript may be charged as an expense against the county by the district or county attorney as a reasonable expense necessary in the proper and legal conduct of his office under article 3899, section (b), V. T. C. S. It has been so held in connection with transcripts of an examining trial, Attorney General Opinions M-303 (1968) and V-976 (1949); at an inquest, Attorney General Opinion V-538 (1948); before a grand jury, Attorney General Opinion WW-1334 (1962); and of a tape recording of a radio program, Attorney General Opinion WW-874 (1960). As was stated in Attorney General Opinion WW-1334 (1962): "Certainly a diligent District Attorney would want to preserve such testimony for his own use in the event of trial."

In requiring a transcription of the evidence in a court of inquiry to be made, the Legislature apparently presumed that it would be of some value to the appropriate prosecuting officials, and thus of benefit to the county. In our opinion the Legislature intended the term "costs" as used in article 52.09 to include the expense of preparing the transcript which is specifically required to be made by article 52.07.

Mr. Wade asks whether a rate of $1.50 per page for an original and copy of a transcript is a reasonable fee which the district judge may order the commissioners court to pay.

The reasonableness of a particular rate is a question of fact which we must decline to answer. However, a similar question was considered in Attorney General Opinion C-683 (1966). The opinion held that in the absence of a statutory provision setting forth the amount to be paid for a transcript required to be prepared at county expense, a reasonable amount should be

paid.  See also  Attorney General Opinion H-69 (1973); M-303 (1968);
M-248 (1968); C-785 (1966); WW-874 (1960) and V-976 (1949).

Mr. Wade's question refers to an order of the district court to
the county commissioners court to pay the court reporter.  We observe
that the capacity in which the judge acted was not as district judge, but
magistrate, and the only orders authorized to be issued in courts of
inquiry are subpoenas and arrest warrants.  See In re McClelland, 260
F. Supp. 182 (S. D. Tex. 1966);  State ex rel. Richardson v. Coleman County,
56 P. 2d 1023 (Wash. 1936); State v. Major, 192 P. 618 (Mont. 1920).  Cf.
In re Mercer County Probation Department, 263 A. 2d 168 (N. J. Super. Ct. ,App.
Div. 1970).

The magistrate holding the court of inquiry is responsible for the
proceedings, and he is the appropriate official to certify what costs were
incurred in conducting the court of inquiry and what reasonable amount
should be paid for the transcripts.  The law presumes that a public officer
has exercised his discretion in accordance with the law until the contrary
is shown.  47 Tex. Jur. 2d Public Officers §118.  If the magistrate's
determination as to the reasonable value of the transcript is disputed, the
burden rests with the Commissioners Court to show that the determination
is so unreasonable, arbitrary or capricious as to amount to an abuse of
discretion.  Commissioners Court of Lubbock County v. Martin, 471 S.W.
2d 100, 108 (Tex. Civ. App.--Amarillo 1971, writ ref'd n. r. e.).

Another expense about which each of you inquire is compensation
for a private attorney to assist in the conduct of the court of inquiry.

There is no specific authorization for the appointment of an attorney
to participate in a court of inquiry.  There is no express authorization for
any attorney to represent the state in a court of inquiry, as there is in an
examining trial [Code Crim. Proc. art. 16.06]; before the grand jury
[art. 20.03]; in a habeas corpus proceeding [arts. 11.07, 11.39]; and an
inquest upon a dead body [art. 49.12]; or in a fire inquest [art. 50.02].

However, it has been held that:

> It has always been the principal duty of the district
> and county attorneys to <u>investigate</u> and prosecute
> the violation of all criminal laws, including the
> election laws, and these duties cannot be taken away
> from them by the Legislature and given to others.
> (Emphasis added)   <u>Shepperd v. Alaniz</u>, 303 S.W. 2d
> 846, 850 (Tex. Civ. App. --San Antonio 1957, no
> writ hist.).

As a matter of practice, it appears that courts of inquiry are sometimes held upon the initiative of the district attorney and pursued by him. See <u>McClelland v. Briscoe</u>, 359 S.W. 2d 635 (Tex. Civ. App. --Houston 1962, writ ref'd n. r. e.); <u>Ex parte Jimenez</u>, 317 S.W. 2d 189 (Tex. 1958).

Also, the exception in article 52.09 providing for payment of costs by the State "where the Attorney General of Texas has submitted a request in writing to the judge for the holding of such Court of Inquiry" indicates that the Legislature anticipated that courts of inquiry could be initiated by an attorney representing the state and, inferentially, that in the usual situation it would be at the instance of the district or county attorney rather than the attorney general.

In regard to the exclusiveness of the authority of the county attorney, district attorney, and attorney general to represent the state, see <u>Garcia v. Laughlin</u>, 285 S.W. 2d 191 (Tex. Sup. 1955); <u>Staples v. State ex rel. King</u>, 245 S.W. 639 (Tex. Sup. 1922); <u>Maud v. Terrell</u>, 200 S.W. 374 (Tex. Sup. 1918); <u>Brady v. Brooks</u>, 89 S.W. 1052 (Tex. Sup. 1905); <u>Harris County v. Stewart</u>, 41 S.W. 650 (Tex. Sup. 1897).

Since there is no statutory authorization for the appointment and compensation of a private attorney to represent the state in a court of inquiry, and since the above authorities indicate that it is within the general duty of the county attorney and district attorney to investigate the violation of criminal laws, it is our opinion that if the magistrate conducting the court

of inquiry desires an attorney to represent the state in the inquiry, the county or district attorney should be called upon to perform that duty. If the county or district attorney is disqualified, absent, or otherwise unable to perform the duties of his office, an attorney pro tem may be appointed under article 2.07, Code of Criminal Procedure, and compensated as authorized under that article. See Attorney General Opinion H-324 (1974) (authority of district court to appoint attorney pro tem to assist grand jury).

Mr. Perry asks generally about reasonable and necessary expenses incurred in preparation for a court of inquiry. In the absence of specific expenses we cannot answer the question definitively. However, we observe that the only actions a judge acting as magistrate is authorized to take in a court of inquiry are to summon witnesses, examine them, have their testimony transcribed, and issue a warrant of arrest. Articles 52.01, 52.07 and 52.08, Code Crim. Proc. In Attorney General Opinion H-439 (1974), we held that a grand jury has no independent authority to hire an investigator. We believe the same limitation would apply to a court of inquiry.

Mr. Perry asks an additional question growing out of the following fact situation.

The district judge scheduled a court of inquiry to inquire into the conduct of the district attorney's office. Prior to the date set for the court of inquiry, the district attorney filed a motion requesting the district judge to disqualify himself on the grounds of personal bias. The judge overruled the motion. The district attorney, in his individual capacity, petitioned the federal district court to enjoin the district judge from proceeding with the court of inquiry. Upon a hearing, the federal district court issued an order enjoining the district judge from proceeding with the court of inquiry. The order was stayed and appealed to the United States Court of Appeal for the Fifth Circuit. The district judge secured attorneys to represent him in the federal proceedings, including the appeal of the order of the federal district court. The commissioners court has withheld its authorization to pay legal expenses pending this inquiry.

You ask whether the county is obligated to pay reasonable and necessary expenses of attorneys for the district judge at the federal hearing and on the appeal of the order.

We find no statutory authority for any public official to obligate a county to pay a private attorney to defend any suit brought against him in his individual capacity in a federal court. We do not believe that such expenses are within the meaning of the term "costs" as used in article 52.09 of the Code of Criminal Procedure.

Each of you presented your questions in terms of a judge's authority to obligate a county to pay expenses growing out of a court of inquiry, and not whether the commissioners court may, in its discretion, authorize or ratify the payment of such expenses.

In this regard a county's interest in good law enforcement has been considered sufficient justification to authorize a commissioners court's expenditure of funds for a reporter to transcribe grand jury testimony, Rodgers v. County of Taylor, 368 S. W. 2d 794, 797 (Tex. Civ. App. --Eastland 1963, writ ref'd n. r. e.) and this office has held that a commissioners court has authority to employ an attorney to assist a grand jury. Attorney General Opinion M-823 ( 1971). Thus, while a county may not be obligated to pay certain expenses incurred in connection with a court of inquiry, we believe that the commissioners court may authorize or ratify reasonable and necessary expenses in connection with such a proceeding, if it determines that it is in the interest of the county to do so.

Among the expenses which the county may authorize or ratify are the costs of hiring an attorney. The authority of a county commissioners court to employ counsel to represent county interests in suits, even when nominally against individuals, has been recognized. City National Bank of Austin v. Presidio County, 26 S. W. 775 (Tex. Civ. App. 1894, no writ); Guerra v. Weatherly, 291 S. W. 2d 493 (Tex. Civ. App. --Waco 1956, no writ); Attorney General Opinion M-726 (1970). See Chandler v. Saenz, 315 S. W. 2d 87, 90 (Tex. Civ. App. --San Antonio 1958, writ ref'd n. r. e.); City of Corsicana v. Babb, 290 S. W. 736, 737 (Tex. Comm.

App. 1927, jdgmt adopted).  These cases are in accord with the general rule in the United States that a public body, acting in good faith, may indemnify public officials for legal expenses incurred in suits brought against them for acts committed in discharge of their duties.  Annot., 130 A. L. R. 736 (1941).

Conversely, in any case where the public official acted outside of or beyond the scope of his legal powers, a public body has no authority to pay such legal expenses.  Attorney General Letter Advisory No. 24 (1973).

## SUMMARY

In a court of inquiry, a county is obligated to pay those costs for which a fee is expressly provided by law and the reasonable expense of activities expressly required to conduct the proceeding, including the original transcription of the statement of facts taken at the court of inquiry.  Code Crim. Proc. art. 52.07, 52.09.   .     .     .     .

The judge holding the court of inquiry may certify what reasonable amount should be paid the court reporter for preparing the transcription.

A county is obligated to pay the compensation of an attorney pro tem to assist in the conduct of the inquiry when the appointment is made in accordance with article 2.07 of the Code of Criminal Procedure.

A county commissioners court may authorize or ratify expenses incurred in the conduct of a court of

inquiry which are in the interest of the county,
including the expense of legal counsel to defend
suits brought against the judge conducting the
inquiry for acts committed in the discharge of
his duties and within the scope of his authority.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg